## ROBERTSON *v.* HEDDEN, Collector.

### (*Circuit Court, S. D. New York.* October 24, 1889.)

1. CUSTOMS DUTIES—COTTON CLOTH.
  The term "cotton cloth," as used in Schedule I of the tariff act of March 3, 1883, means any woven fabric of cotton used for garments or other purposes. Following *Ullmann* v. *Hedden*, 38 Fed. Rep. 95.

2. SAME.
  The provisions of Schedule I of the tariff act of March 3, 1883, for countable cottons, necessarily import that the cloth shall be homogeneous, so that the number of threads per square inch will not differ in different parts of the fabric.

3. SAME.
  Where a cotton cloth has figures woven in it upon the loom at the same time with the fabric itself, the count must include the threads of the figure, as well as the threads of the ground-work.

4. SAME.
  Madras curtain goods, made of cotton, with figures woven in them in the loom, are dutiable, not under the countable clauses of Schedule I of the tariff act of March 3, 1883, but under the general provision of that act and schedule for "manufactures of cotton not specially enumerated or provided for."

At Law. Action to recover duties.

Plaintiff imported from Scotland a class of fabrics generally known as "Madras Curtain Goods." They were composed of cotton, woven in looms, and were figured, the figures being woven in the same loom and at the same time as the cloth, and covering portions of the fabric. The collector had classified the goods as cotton cloth, and had assessed duties under the countable clauses of Schedule I of the tariff act of March 3, 1883, according to the number of threads to the square inch in the ground-work of the fabric, and the value per square yard. Against this assessment plaintiff protested, claiming the goods were manufactures of cotton not specially enumerated or provided for, and dutiable at 35 per cent. *ad valorem.* Upon the trial it was shown that the figures were woven in the cloth in the process of manufacture by means of the Jacquard machine, and that, if the threads of the figure were counted

with those of the ground-work, the number of threads per square inch would differ in different portions of the fabric; while, if the latter only were counted, the number of threads to the square inch would be uniform. It was further shown that the practice of the appraisers was to count the threads of the ground-work only.

*Charles Curie,* (*Stephen G. Clarke,* of counsel,) for plaintiff.

*Edward Mitchell,* U. S. Atty., and *W. Wickham Smith,* Asst. U. S. Atty., for defendant.

LACOMBE, J. These samples are cotton cloth, within the dictionary definition, and within the common, every-day meaning of the word "cloth," just the same as was the "penelope canvas," which was before us in *Ullmann* v. *Hedden,* 38 Fed. Rep. 95. They are within the definition which was used as the test in that case, viz.: "Cloth: A woven fabric, of fibrous material, used for garments or other purposes." Congress has, however, in the paragraph on which the defendant relies, prescribed rates of duty only for those kinds of cotton cloth which may be discriminated from each other by a count of the threads of which they are composed; such count being stated per square inch. That necessarily imports that the cloth shall be homogeneous, so that the number of threads per square inch will not differ in different parts of the fabric. The contention of the defendant that the threads in the so-called ground-work only are to be included in the count, the figures being regarded as a merely incidental ornament,—as something added to the cloth,—seems unsound, in view of the testimony, which shows, without contradiction, that the figures (which in some of these samples cover fully more than half the surface of the goods) are woven upon the loom at the same time with the fabric itself. They are therefore just as much cotton cloth as the ground-work is, and the threads composing them as much entitled to a count. We then have a fabric which is, indeed, a cotton cloth, but which cannot, as a whole, be fairly classified by the use of the test which congress has provided as the sole one for classifying such cloth; and as it cannot, therefore, be put in any one of the classes of cotton cloth on which duty is laid as such, it must fall under the general clause. For these reasons I direct a verdict for the plaintiff for the full amount claimed, $983.93.