UNITED STATES v. ALBERT et al.

(Circuit Court of Appeals, Second Circuit.    April 19, 1894.)

CUSTOMS DUTIES—CLASSIFICATION—DOTTED SWISSES.
    "Swiss Muslins" or "Dotted Swisses," being cotton goods in which the
    threads can be counted independently of the dots, the dots being woven
    at the same time with the cloth, but consisting of threads distinct from
    both warp and filling, are dutiable under the countable provisions of para-
    graph 346 of the act of October 1, 1890, and not under paragraph 355, as
    "manufactures of cotton not specially provided for." 57 Fed. 192, reversed.
    Hedden v. Robertson, 14 Sup. Ct. 434, 151 U. S. 520, followed.

Appeal from a Decision of the Circuit Court for the Southern
District of New York (57 Fed. 192), sustaining the decision of the
board of general appraisers, which overruled the classification by
the collector of merchandise known as "Swiss Muslin."

Thomas Greenwood, Asst. U. S. Dist. Atty.
W. Wickham Smith, for appellee.

Before WALLACE and SHIPMAN, Circuit Judges.

SHIPMAN, Circuit Judge.    In the year 1891 the firm of Albert,
Haager & Co. imported into the port of New York sundry invoices
of manufactures of cotton known in trade as "Dotted Swisses" or
"Swiss Muslins."    The collector classified them for duty at 60 per
cent. ad valorem, as embroideries, or articles embroidered by ma-
chinery, which are composed of cotton, under the provisions of
paragraph 373 of the tariff act of October 1, 1890.    As the claim
that the articles were embroideries has now been abandoned, be-
cause the testimony abundantly sustained the theory of the importers
upon that question of fact, no further attention need be paid to the
embroidery paragraph.    The importers protested, claiming that
the merchandise was not in fact embroidered, and was not com-
mercially known as "embroideries," and that it was either dutiable
at 40 per. cent. ad valorem, as a manufacture of cotton not specially
provided for, under paragraph 355 of the tariff act of October 1, 1890,
or that it was dutiable as bleached cottons, according to the number
of threads to the square inch, and the value, at the respective rates
provided in the paragraphs from 344 to 348, inclusive, in the same
act.    Paragraph 355 is as follows:

    "Cotton damask, in the piece or otherwise, and all manufactures of cotton,
    not specially provided for in this act, forty per centum ad valorem."

Paragraph 346, which, among that series of paragraphs specified in
the protest, is the one which is applicable to the case, is as follows:

    "Cotton cloth, not bleached, dyed, colored, stained, painted, or printed,
    exceeding one hundred, and not exceeding one hundred and fifty threads to
    the square inch, counting the warp and filling, three cents per square yard;
    if bleached, four cents per square yard; if dyed, colored, stained, painted,
    or printed, five cents per square yard: provided, that on all cotton cloth ex-
    ceeding one hundred, and not exceeding one hundred and fifty threads, to
    the square inch, counting the warp and filling, not bleached, dyed, colored,
    stained, painted, or printed, valued at over seven and one half cents per

square yard; bleached, valued at over ten cents per square yard; dyed, colored. stained, painted, or printed, valued at over twelve and one half cents per square yard. there shall be levied, collected, and paid, a duty of forty per centum ad valorem."

The board of general appraisers found that the merchandise was not embroideries; that plain portions of the fabric, counting the warp and filling, contain exceeding 100 and not exceeding 150 threads to the square inch; but, following the decision of the circuit court in Robertson v. Hedden, 40 Fed. 322, which will be hereafter referred to, held that Swiss muslins did not come within the provisions of the so-called "countable cotton" paragraphs, but were to be classified under paragraph 355, as manufactures of cotton not specially provided for.

Swiss muslins are bleached cotton goods, which are woven upon a loom. The warp or threads which run longitudinally, extend from one end of the piece to the other, and the filling or threads that extend from side to side, run from edge to edge through the width of the piece. In addition to the plain loom, there is an attachment which produces the spots, dots, or other figures which ornament the goods, and which are woven at the same time with the rest of the cloth. In the appellant's brief, the account which the experts gave of the method of manufacture, and which was not always given so as to be easily understood, is condensed as follows:

"These figures were made of continuous threads, and in lines parallel to the lengths of the cloths, in such way that each of such lines of these figures was formed by the same bobbin or shuttle, and, consequently, by one and the same thread. As made by these bobbins or shuttles, the figures of each of these lines were connected, on the wrong side of these cloths, by the thread of which they were made. Subsequently all such threads, or rather so much of them as connected these figures in the manner described, were cut off close to these figures, so that, in these cloths as finished and imported, no one of these threads, of which these figures were made in the manner already described. ran continuously through these cloths from end to end, or from edge to edge, or selvedge to selvedge; but, on the contrary, each of these figures, so far as any of such threads was concerned, was entirely separated and disconnected from the other."

The threads which compose these figures are not a part of the filling. They are additional to the filling, and the piece would be perfect without them. Notwithstanding their existence, and the fact that they are thickly scattered over the surface of the cloth, the number of threads to the square inch which make up the warp and filling can be counted or accurately estimated. They are countable. In Robertson v. Hedden, supra, it was shown, and it is also true with respect to the Swiss muslins which are the subject of this controversy, that, "if the threads of the figure were counted with those of the groundwork, the number of threads per square inch would differ in different portions of the fabric; while, if the latter only were counted, the number of threads to the square inch would be uniform. The circuit court, in construing the "countable clauses" of the cotton schedule of the tariff act of March 3, 1883, which are kindred to those of the act of October 1, 1890, was of

opinion that the threads of the figures which, like those of the Swiss muslins, were woven upon the loom at the same time with the fabric itself, were to be counted, and that the statute meant that the cloth to which it referred should be homogeneous, so that the number of threads per square inch should not differ in different parts of the fabric.

The supreme court in Hedden v. Robertson, 151 U. S. 520, 14 Sup. Ct. 434, did not concur in this view, but was of opinion that the provisions of the act of 1883 "fix the rate of duty by a classification based on the number of threads in a square inch of cotton cloth, without reference to the mode by which the count shall be made, and without regard to the incidental ornamentation of the fabric," and further said:

"We have no authority, where the duty is thus specifically declared, to make an exception, based upon something that might be added to the cloth in the way of figures or patterns placed upon the groundwork of the fabric. The groundwork being cotton cloth, within the terms and provisions of the statute, and the threads thereof being countable, the goods were dutiable, by the express language of the statute, at the rate which was exacted by the collector from the defendant in error."

The decision of the supreme court that "the ornamentation placed upon the groundwork of the fabric does not change its character as cotton cloth, subject to the countable clause of the statute," is controlling upon this appeal, and compels the conclusion that the merchandise in this case should have been classified for duty, and the entries thereof should have been liquidated, under the provisions of paragraph 346.

The decision of the circuit court is reversed.