## In re FELLHEIMER et al.

(Circuit Court, S. D. New York. April 27, 1894.)

No. 747.

CUSTOMS DUTIES—CLASSIFICATION — WEARING APPAREL MADE ON LOOM WITH JACQUARD ATTACHMENT.
    A fabric made on a loom with a Jacquard attachment, and which is not known in the trade as "embroidery," or an "article of wearing apparel embroidered by hand or machine," cannot be classified under Act Oct. 1, 1890, par. 373, referring to embroidered articles.

This was an application by Fellheimer & Lindauer, importers of certain articles of wearing apparel for women, for a review of the decision of the board of general appraisers sustaining the decision of the collector of the port of New York as to the rate of duty on such merchandise.

The importations consisted of articles of wearing apparel for women, appropriately trimmed. The collector assessed them under paragraph 373 of the act of 1890. The importers protested, under paragraph 349 of same act.

David Ives Mackie, for importers.

James T. Van Rensselaer, for collector.

COXE, District Judge (orally). It seems to me that the proposition that a fabric made on a loom with a Jacquard attachment is not embroidery, has been determined by the circuit court of appeals. U. S. v. Albert, 9 C. C. A. 332, 60 Fed. 1012. How can a machine that is incapable of embroidering dots, sprays, etc., embroider the figures appearing on the article in suit? I do not see how I can say that the same machine which the court has held cannot embroider, can embroider. The two cases cannot be distinguished. It is clear, in view of this decision, that the court cannot say that a fabric made in this way is embroidered. It would create an unfortunate conflict of authority to hold in one case that a machine can embroider when in another case it is held that the same machine cannot embroider. The circuit court of appeals having decided that a loom with a Jacquard attachment cannot do embroidery work the only remaining question is whether or not a trade-name has been established by the respondent. Upon that proposition it is conceded, as I understand it, that the question is in doubt, with a larger number of witnesses testifying against the contention of the collector than supporting it. The fact that a trade-name has not been established by either side compels the court to determine what in fact the article is, whether it is in fact embroidered. As to that proposition I have no doubt. There is no evidence that the loom described can do embroidery work, and as I recall the testimony it is well-nigh unanimous that the machine cannot do embroidery work. In fact I could go further and say, if I were called upon to decide, on this evidence, what the trade-name was in this market on October 1, 1890, that this importation was not known in trade and commerce as "embroidery" or as an "article of wearing apparel embroidered by hand or machine," under paragraph 373 of the tariff act of 1890. I think the decision of the board of general appraisers, so far as it relates to the question discussed, should be reversed.