## UNITED STATES v. EINSTEIN et al.

### (Circuit Court of Appeals, Second Circuit. February 23, 1897.)

1. CUSTOMS DUTIES—CLASSIFICATION—EMBROIDERIES—"DOTTED SWISSES."

   "Dotted Swisses," being white, bleached, woven, cotton fabrics in the piece, embroidered after leaving the loom by an additional process of manufacture, though not known in commerce as "embroideries," are dutiable as articles embroidered, under paragraph 276, Act Aug. 28, 1894, and not under the countable clauses of the cotton schedule.

2. SAME.

   The provision in paragraph 257, Act Aug. 28, 1894, that "cotton cloth," as used in the preceding paragraphs, shall include "all woven fabrics of cotton in the piece, whether figured, fancy, or plain," etc., does not apply to embroidered cotton cloth, which was not embroidered in the loom.

Appeal from the Circuit Court of the United States for the Southern District of New York.

James T. Van Rensselaer, Asst. U. S. Atty.

W. Wickham Smith, for the importers.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

SHIPMAN, Circuit Judge. The firm of Einstein, Wolff & Co. imported, in September, 1894, into the port of New York, embroidered cotton cloth in the piece, known as "dotted Swisses," which were returned by the local appraiser as "cotton embroidery," and duty was assessed thereon by the collector at 50 per cent. ad valorem under the provisions of paragraph 276 of the tariff act of August 28, 1894. So much of the paragraph as relates to the subject is as follows:

"276. Laces, * * * embroideries, * * * and articles embroidered by hand or machinery, * * * composed of flax, jute, cotton or other vegetable fiber, or of which these substances, or either of them, or a mixture of any of them is the component material of chief value, not specially provided for in this act, fifty per centum ad valorem."

The importers protested against the assessment upon the ground that the goods were dutiable under the provisions of paragraph 252–256, inclusive, in the schedule relating to cotton manufactures, of the same act, according to the number of threads to the square inch, the number of square yards to the pound, and the value per square yard. These paragraphs are generally known as the "Countable Clauses." Paragraph 254 is the one applicable to the number of countable threads in the merchandise in question. The decision of the collector was affirmed by the board of general appraisers, but their decision was reversed by the circuit court, which held that the merchandise was dutiable as cotton cloth, under the provisions of paragraph 254. The merchandise consisted of white, bleached, woven cotton fabrics in the piece, and contained between 100 and 150 threads per square inch. They were not known in commerce as "embroideries," but were embroidered by an additional process of manufacture after they left the loom. At and before the date of the act of August 27, 1894, there were known, and dealt in the trade and commerce of this country, figured woven fabrics of cotton in the piece and

fancy woven fabrics of cotton in the piece, the figures or fancy designs on which were made by the shuttle in the process of weaving the cloth, and which did not exist as plain cloth before such figures or fancy effects were made. This fact, which came into the case by stipulation, is important, in view of the new statutory definition of "cotton cloth" contained in paragraph 257 of the act of August 28, 1894, which is as follows:

"257. The term 'cotton cloth,' or 'cloth,' wherever used in the foregoing paragraphs of this schedule, shall be held to include all woven fabrics of cotton in the piece, whether figured, fancy, or plain, not specially provided for in this act, the warp and filling threads of which can be counted by unraveling or other practicable means."

The merchandise is concededly woven cotton cloth in the piece, embroidered after it left the loom, and is an embroidered "article." Junge v. Hedden, 146 U. S. 233, 13 Sup. Ct. 88. The question whether it is dutiable as an article embroidered composed of cotton, or as cotton cloth, as defined in paragraph 257, depends upon the meaning of the definition. The importers insist that it means woven cotton cloth in the piece, plain, or figured or fancy, however and by whatever means the ornamentation is made. The government insists that it means woven cloth which is, in the weaving, either figured, fancy, or plain, and that this construction is called for by the history and object of the new provision. The "countable clauses" in regard to cotton cloth came into the tariff acts in 1883, and have been construed by the supreme court in Newman v. Arthur, 109 U. S. 132, 3 Sup. Ct. 88, and in Hedden v. Robertson, 151 U. S. 520, 14 Sup. Ct. 434. Each case related to the effect which figures and designs, which were made in the weaving, had upon the dutiable character of the cloth. In the latter case, "the goods in question were called 'Madras mull,' and consisted of woven cotton cloth, the groundwork of which was uniform, and upon which were figures or patterns woven contemporaneously with the weaving of the fabric. These figures or patterns were woven into the groundwork by means of a machine called a 'Jacquard attachment.'" The question was whether the "Madras mulls" should be classified under the "countable" provisions, or as "manufactures of cotton not specially enumerated or provided for." As they were not embroidered, the paragraph in regard to embroidered articles had no part in the case. The supreme court held that, although the figures were profusely scattered over the groundwork, so that the number of square threads differed in different parts of the fabric, yet that the ornamentation, which was woven into it, did "not change its character as cotton cloth, subject to the countable clause of the statute." The case was decided February 5, 1894, and overruled a previous decision of the circuit court, which was made in October, 1889. 40 Fed. 322. In the preparation of the new tariff of 1894, it is exceedingly probable that the definition of "cotton cloth" was introduced for the purpose of removing any vagueness in the former paragraphs in regard to the character of woven cloth. But in determining whether the words "figured" and "fancy" were intended to include an embroidered cloth which was not embroidered in the loom, reference must also be had to the embroidery par-

agraph, where embroidered articles of cotton were separately classified. The words, "not otherwise provided for in this act," are contained in each of the paragraphs under consideration, and are therefore not important in this case. We have, then, woven cotton cloth, whether figured, fancy, or plain, of which the threads can be counted, in one paragraph, and in another, embroidered cloth of cotton. It seems most reasonable that neither paragraph was intended to include the goods which had been classified in the other, and that the intent in paragraph 257 was only to describe as "woven cotton cloth" that which is plain, figured, or fancifully woven. The embroidery paragraph, 373 of the tariff act of 1890, was very like the corresponding paragraph 276 of the act of 1894, but contained the following proviso, which is omitted in the later act:

"Provided, that articles of wearing apparel and textile fabrics, when embroidered by hand or machinery, and whether specially or otherwise provided for in this act, shall not pay a less rate of duty than that fixed by the respective paragraphs and schedules of this act upon embroideries of the materials of which they are respectively composed."

The importers regard the omission of this proviso as signifying that textile fabrics of embroidered cotton shall not pay the duty upon embroidered articles, but shall be classified as cotton cloth. This proviso was for the purpose of making it certain that no embroidered article of wearing apparel, or embroidered textile fabric, however named or provided for in the act, should escape an embroidery duty. The act of 1894 omitted this proviso, and therefore an embroidered article of wearing apparel, or an embroidered fabric, is not compelled to pay an embroidery duty, if it is specially or otherwise provided for elsewhere. This omission by no means decides the present question, which is whether an embroidered piece of cotton cloth is or is not included in the cotton-cloth paragraphs. The circuit court thought that the question was governed by the language of the supreme court in Hedden v. Robertson, supra. As has been said, that case did not touch the embroidery provisions, the controversy being whether a woven cotton cloth in which figures were woven should pay a duty as cotton cloth, or under the general provision in regard to manufactures of cotton not otherwise provided for. The general language in that opinion related to a controversy which is different from the one in this case. The decision of the circuit court is reversed.