UNITED STATES v. McBRATNEY.

(Circuit Court of Appeals, Second Circuit. January 4, 1901.)

No. 59.

CUSTOMS DUTIES—WOVEN FLAX GOODS.
　　Tariff Act 1897, par. 346, imposing on "woven fabrics or articles of flax," weighing 4½ ounces or more per square yard, specified rates of duty, varying with the number of threads to the square inch, "provided that none of the foregoing articles * * * shall pay a less rate of duty than

50 per cent. ad valorem," and then imposing a duty on "woven fabrics of flax" weighing less than 4½ ounces per square yard, uses the words "fabrics" and "articles" interchangeably, so that the latter provision applies not only to piece goods, but to articles, like "doilies" and "tray cloths," weighing less than 4½ ounces per square yard.

Appeal from the Circuit Court of the United States for the Southern District of New York.

Charles D. Baker, Asst. U. S. Atty.

W. Wickham Smith, for appellee.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

PER CURIAM. The importer, Robert McBratney, imported, in December, 1897, into the port of New York, articles known as "linen doilies" and "tray cloths," which were woven manufactures of flax, and completed articles ready for use, weighing less than 4½ ounces per square yard, and containing more than 100 threads to the square inch, counting the warp and filling. Duty was imposed thereon at 45 per cent. ad valorem, under paragraph 347 of the act of July 24, 1897, which is as follows:

"All manufactures of flax, hemp, ramie, or other vegetable fiber or of which these substances, or either of them, is the component material of chief value, not specially provided for in this act, forty-five per centum ad valorem."

The importer protested against this classification, on the ground that woven articles of flax of the weight and fineness which have been · specified were dutiable at 35 per cent. ad valorem, under the last clause of paragraph 346 of the act of 1897, which reads as follows:

"346. Woven fabrics or articles not specially provided for in this act, composed of flax, hemp, or ramie, or of which these substances or either of them is the component material of chief value, weighing four and one-half ounces or more per square yard, when containing not more than sixty threads to the square inch, counting the warp and filling, one and three-fourths cents per square yard; containing more than sixty and not more than one hundred and twenty threads to the square inch, two and three-fourths cents per square yard; containing more than one hundred and twenty and not more than one hundred and eighty threads to the square inch, six cents per square yard; containing more than one hundred and eighty threads to the square inch, nine cents per square yard, and in addition thereto, on all the foregoing, thirty per centum ad valorem: provided, that none of the foregoing articles in this paragraph shall pay a less rate of duty than fifty per centum ad valorem. Woven fabrics of flax, hemp, or ramie, or of which these substances or either of them is the component material of chief value, including such as is known as shirting cloth, weighing less than four and one-half ounces per square yard and containing more than one hundred threads to the square inch, counting the warp and filling, thirty-five per centum ad valorem."

The board of general appraisers sustained the collector, the circuit court reversed the decision of the board (99 Fed. 424), and from the decision of the court the United States appealed.

The theory of the government is that the term "woven fabrics" is limited to goods in the piece, and does not include manufactured articles, while the importers insist that the whole paragraph shows that "fabrics" and "articles" were used therein interchangeably. It is a comprehensive paragraph, to establish the rate of duty upon woven flax goods, not specifically mentioned elsewhere, and com-

mences by imposing upon woven fabrics or articles of flax not specially provided for, which weigh 4½ ounces or more per square yard, specified rates in accordance with the number of threads to the square inch, provided that none of the foregoing articles "shall pay a less rate of duty than fifty per centum ad valorem." It is not contended that the word "articles" in the proviso does not include fabrics, but, inasmuch as the paragraph proceeds to impose a duty upon woven fabrics of flax weighing less than 4½ ounces per square yard, it is urged that the clause relates only to piece goods. This construction ignores the comprehensive character of the paragraph, and that guidance to the meaning of the different clauses which is naturally found in the context. In this case, the context shows that, in the concluding clause, the word "fabrics" was used interchangeably with "articles."

Much stress is placed by the United States upon one of the points to which the supreme court in Arnold v. U. S., 147 U. S. 494, 13 Sup. Ct. 606, 37 L. Ed. 253, attached some importance. The question in that case was whether, under the act of October 1, 1890, knit woolen shirts and drawers came within the enumeration of wearing apparel of every description, in whole or in part of wool, or of knit fabrics of wool. For divers reasons, the court thought that the articles should be classified in the act of 1890 as wearing apparel, and found some significance in the substitution of the term "knit fabrics" in the act of 1890 for "knit goods" in that of 1883, although the court says that the terms are frequently interchangeable. The language of the court does not have the relation to the circumstances of this case which is attributed to it by the government. The decision of the circuit court is affirmed.