## STERN v. UNITED STATES.

(Circuit Court, S. D. New York. April 20, 1901.)

No. 3,022.

1. CUSTOMS DUTIES—CLASSIFICATION—COTTON CLOTH—FABRICS.

Partly finished articles made of cotton cloth are "fabrics," within the meaning of that term as used in paragraph 310 of the tariff act of ,1897 (Act July 24, 1897, 30 Stat. 178, c. 11 [U. S. Comp. St. 1901, p. 1659]), where it is prescribed that the expression "cotton cloth" "shall be held to include all woven fabrics of cotton in the piece or otherwise." Accordingly, cotton portières and table covers, woven with a border and a selvedge and cut to the size and form of the article as intended for sale and use, but needing to be trimmed, or hemmed and fringed, before they can be used, are dutiable as cotton cloth, and not as "manufactures of cotton not specially provided for," under paragraph 322 of said act (30 Stat. 179 [U. S. Comp. St. 1901, p. 1661]).

Appeal by the importer from a decision of the board of United States general appraisers (G. A. 4568) which affirmed the decision of the collector of customs at the port of New York.

In the opinion of the board, by Fischer, general appraiser, the goods under appeal are described as follows: "The protest under consideration relates to cotton portières and cotton table covers. The portières are woven in lengths of 50 to 60 yards, 50 inches wide; a border and a selvedge being produced in the weaving every 3 meters. They are then taken from the loom and cut into pieces 3 meters long, thus making an article 50 inches wide and 3 meters long, and are imported in that condition. The table covers are also woven in the piece, 50 inches wide, and are taken from the loom and cut into articles 50 inches square, and so imported." It is stated further that the articles have been woven with a border and a selvedge, and have been cut to the size and form of the article as intended for sale and use, and that the table covers must be trimmed, and the portières trimmed, or hemmed and fringed, before they .can be used. The board concluded as follows: "We hold (1) that the phrase, 'woven fabrics in the piece or otherwise,' as used in paragraph 310 of the act of July 24, 1897, 30 Stat. 178, c. 11 [U. S. Comp. St. 1901, p. 1659], includes only piece goods, although they may be woven in such form as to adapt them for use as completed articles; (2) that the articles of cotton, such as table covers, portières, curtains, etc., cut to the proper size and form for use as such, and so known commercially, whether fringed, trimmed, or hemmed, or not so treated, are no longer piece goods, but are manufactured articles, and are not included in the phrase, 'woven fabrics in the piece or otherwise,' as used in paragraph 310. Such articles are dutiable as manufactures of cotton not specially provided for, under paragraph 322, 30 Stat. 179 [U. S. Comp. St. 1901, p. 1661], and not as cotton cloth. The protest is overruled and the decision of the collector affirmed."

W. Wickham Smith, for appellant.

D. Frank Lloyd, Asst. U. S. Atty.

TOWNSEND, District Judge. The merchandise in question comprises portières and table covers of woven cotton cloth. They were assessed for duty as "manufactures of cotton not specially provided for," under the provisions of paragraph 322, tariff act of 1897 (Act July 24, 1897, 30 Stat. 179, c. 11 [U. S. Comp. St. 1901, p. 1661]),

and were claimed to be dutiable as countable cottons by virtue of the provisions of paragraph 310 of said act (30 Stat. 178 [U. S. Comp. St. 1901, p. 1659]).

It is unnecessary to consider the contention of counsel for the United States based upon the finding of the board. The decision of the board was evidently predicated upon its conclusions reached in the McBratney Case, which said decision has since been reversed by the circuit court (99 Fed. 424) and the Circuit Court of Appeals (45 C. C. A. 37, 105 Fed. 767). In view of the language of said paragraph 310, which is "held to include all woven fabrics of cotton in the piece or otherwise," it is clear that these goods are cotton cloth, within the meaning of said paragraph, and should have been assessed accordingly.

The decision of the board of general appraisers is reversed.