## J. R. SIMON & CO. v. UNITED STATES.

### B. ULMANN & CO. v. SAME.

(Circuit Court, S. D. New York. May 25, 1904.)

Nos. 3,307, 3,361.

1. CUSTOMS DUTIES—CLASSIFICATION—DRAWN WORK—FLAX FABRICS—IMITATION LACE.

　　*Held*, that articles of so-called "drawn work," composed of flax, made by drawing some of the threads and tying and looping them with other threads to form figures, are not dutiable as articles made in imitation of lace, under Tariff Act July 24, 1897, c. 11, § 1, Schedule J, par. 339, 30 Stat. 181 [U. S. Comp. St. 1901, p. 1662], but as fabrics of flax under paragraph 346 of said act (30 Stat. 181 [U. S. Comp. St. 1901 p. 1663]).

2. SAME—COUNTABLE FLAX FABRICS—DRAWN WORK—VARIATION IN THREAD .COUNT.

　　In construing the provision in Tariff Act July 24, 1897, c. 11, § 1, Schedule J, par. 346, 30 Stat. 181 [U. S. Comp. St. 1901, p. 1663], of different ·rates of duty on fabrics of flax, varying according to thread count, etc., *held* that it is not necessary that a fabric should be homogeneous throughout in order to bring it within said paragraph, and that the paragraph may include so-called "drawn work" from which some of the threads have been removed.

Appeal by the Importers from a Decision of the Board of United States General Appraisers.

On application for review of decision of the Board of General Appraisers. These proceedings were brought by J. R. Simon & Co. and B. Ulmann & Co. for review of two decisions of the Board of General Appraisers which affirmed the assessment of duty by the collector of customs at the port of New York. Note G. A. 5,329, T. D. 24,373, and G. A. 4,643, T. D. 21,944.

Howard T. Walden, for J. R. Simon & Co.
W. Wickham Smith, for B. Ulmann & Co.
Charles Duane Baker, Asst. U. S. Atty.

TOWNSEND, Circuit Judge. The articles in question are linen doilies and similar articles, made by drawing some of the threads and tying and looping them with other threads to form figures. They were

assessed for duty at 60 per cent. ad valorem as articles made in part of imitation of lace, made of flax, not otherwise specially provided for, under paragraph 339 of the act of July 24, 1897, c. 11, § 1, Schedule J, 30 Stat. 181 [U. S. Comp. St. 1901, p. 1662], and are claimed to be dutiable as woven fabrics of flax, etc., under paragraph 346 (30 Stat. 181 [U. S. Comp. St. 1901, p. 1663]), of said act. The articles in question are woven fabrics of flax (U. S. v. McBratney, 105 Fed. 767, 45 C. C. A. 37), and it is not necessary that the fabric should be homogeneous throughout in order to be dutiable under the countable provisions of the act (Hedden v. Robertson, 151 U. S. 521, 14 Sup. Ct. 434, 38 L. Ed. 257; United States v. Albert, 60 Fed. 1012, 9 C. C. A. 332). The Board of General Appraisers has found as a fact that the merchandise in question is imitation of lace. Inasmuch as there is not a particle of testimony to support this finding of the board, and inasmuch as a mere inspection of the articles confirms the testimony that they are not imitation of lace, this finding cannot be sustained. Furthermore, it appears from an examination of paragraphs 312, 388, and 390 of the act that Congress is legislating concerning the duty on handkerchiefs, has specifically provided for a duty on handkerchiefs having drawn threads by virtue of the provisions of paragraph 388, while in paragraph 390 they have imposed a similar duty on laces and articles made wholly or in part of lace. This distinction between drawn work and lace supports the foregoing conclusion.

The decision of the Board of General Appraisers is reversed.