## BEACH v. SHARPE.

(Circuit Court, W. D. Texas, El Paso Division.   June 19, 1907.)

### No. 454 (1,916).

CUSTOMS DUTIES—CLASSIFICATION—DRAWNWORK—EMBROIDERY.

The provision for articles "embroidered," in Tariff Act July 24, 1897, c. 11, § 1, Schedule J, par. 339, 30 Stat. 181 [U. S. Comp. St. 1901, p. 1662], *held* to include so-called "drawnwork" goods, consisting of fabrics in which an openwork effect has been produced by drawing out certain of the threads and interjecting different and independent threads, and which have ornamental work and figures in various portions of the goods.

On Application for Review of a Decision of the Board of United States General Appraisers.

The questions involved arise upon the application of Henry S. Beach to review the decision of the Board of General Appraisers, affirming the action of the collector of customs at El Paso in assessing duty upon certain imported goods, usually known to the trade as "drawnwork." The importations consisted of certain fabrics of flax, which were in the form of cloth squares of various sizes, known as bureau covers, table squares, handkerchiefs, and articles of a similar nature, containing certain ornamental effects in various portions of the squares, produced by drawing out certain of the warp or weft threads, or both, and by the interjection of different and independent threads, producing openwork effect. The protests of the importer embraced originally a variety of drawnwork articles; but the attention of the court will be confined to Exhibit 1, as other articles have been eliminated from the case by the following stipulation of counsel:

"In the above numbered and entitled cause it is hereby agreed between counsel for the plaintiff and defendant, respectively, that the handkerchief, Exhibit 3, need not be considered by this court in determining the correctness of the decision rendered by the Board of United States General Appraisers at New York, the classification of said handkerchief by the said  . board being correct.

"(2) That Exhibit 2, being a table cover or center piece, containing eight (8) thread wheels, is in part lace, said wheels being inserted in circles cut out of the fabric, and said wheels themselves being lace, and that therefore the classification of said Exhibit 2 as made by said Board of General Appraisers under paragraph 339 is correct, and duty should be assessed upon the same at 60 per cent.

"(3) There is no contention between the parties as to count of threads in Exhibit 1, the record itself showing a stipulation between the parties, made before General Appraiser Hay at El Paso, and that the said Exhibit 1 in controversy, in so far as the count of threads is concerned, is within the description contemplated by the section of the statute wherein the importer claims the drawnwork to be dutiable at 35 per cent. ad valorem, and the same is a woven fabric of flax; the government contending that the said Exhibit 1 is made in part of lace or in imitation of lace, or contains embroidery upon it, though the original fabric in such parts may have been of flax, and the defendant, importer, on the other hand, contending that Exhibit 1 is a woven fabric of flax and is dutiable under paragraph 346, and the last section therof, at 35 per cent. ad valorem, and that no part of said woven fabric is lace, imitation of lace, or embroidery in any form, but is, and is known to the channels of trade and commerce as, drawnwork."

The finding of the Board of Appraisers was as follows: (1) That the merchandise represented by Exhibit 1 is in part of imitation of lace and that it is made in part in imitation of lace, and (2) that it is in part embroidered.

From such finding the importer has prosecuted this application for review.

C. A. Boynton, U. S. Atty., and S. Engelking, Asst. U. S. Atty. J. M. Dean, for the importer.

MAXEY, District Judge. The sample of drawnwork, referred to as "Exhibit 1," is in form a table cover, or table square, and contains certain ornamental effects in the corners and other portions of the square. It was classified by the collector of customs under paragraph 339, Tariff Act July 24, 1897, c. 11, § 1, 30 Stat. 181 [U. S. Comp. St. 1901, p. 1662], as "an article made wholly or in part of lace, or in imitation of lace," or an "article or fabric embroidered in any manner by hand or machinery, or otherwise." And the duty was accordingly assessed at 60 per cent. ad valorem. The importer insists that the article is a woven fabric of flax; that no part of it is lace, imitation of lace, or embroidery in any form; and that it should be assessed for duty under the last clause of paragraph 346 at 35 per cent. ad valorem.

To enter upon a discussion of the manner in which lace, embroidery, and drawnwork are made would be altogether profitless. The subject is fully treated in the elaborate and interesting opinion rendered by General Appraiser De Vries, speaking for the board in the case of J. R. Simon & Co., G. A. 6,452 (T. D. 27,644), and it is unnecessary to repeat what is there said. The present record has been exhaustively examined, and the case of Simon & Co. v. United States (C. C.) 131 Fed. 649, and the same case on appeal to the Circuit Court of Appeals for the Second Circuit, 139 Fed. 3, 71 C. C. A. 415, have been carefully considered. After mature reflection, the court is of the opinion that the finding of the Board of General Appraisers should be affirmed. But in view of the testimony before the court, taken both in New York and at El Paso, there is considerable doubt whether the article of drawnwork in question is made in part in imitation of lace. A distinct ruling, however, upon that feature of the case becomes unimportant, since the court is clearly of the opinion that the ornamental work in the corners of the exhibit and the crosses and other ornamental figures appearing elsewhere in the square are embroidery, as the term is understood by lexicographers and writers on lace and embroidery. See, also, Neuss. Hesslein & Co. v. United States (C. C.) 142 Fed. 281; In re Protests of Homer and Stevens, G. A. 4,643 (T. D. 21,944). The exhibit, therefore, is in part embroidered, as held by the Board of General Appraisers, and the merchandise is dutiable at 60 per cent. ad valorem under paragraph 339 of the tariff act.

The decision of the Board is affirmed.