(C. D. 1111)

THE EAST ASIATIC CO., INC. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided May 28, 1948)

*Barnes, Richardson & Colburn* (*J. Bradley Colburn* and *J. F. Donnelly* of counsel) for the plaintiff.

*Paul P. Rao*, Assistant Attorney General (*Harold L. Grossman*, special attorney), for the defendant.

Before CLINE, EKWALL, and JOHNSON, Judges; JOHNSON, J., concurring

EKWALL, Judge: This case involves an importation described on the invoices as Cuban grated coconut in sirup, in tins. The collector assessed duty thereon at the rate of 35 per centum ad valorem under the provisions of paragraph 761 of the Tariff Act of 1930, with a reduction of 20 per centum allowed to Cuban products. This rate resulted from the collector's classification of the merchandise as "Edible nuts

\* \* \* pickled, or otherwise prepared or preserved, and not specially provided for, \* \* \*."

It is claimed on behalf of the plaintiff herein that the merchandise is "coconut meat, shredded and desiccated, or similarly prepared" dutiable under paragraph 758 of the same act, at 3½ cents per pound, less the Cuban preferential of 20 per centum, or, alternatively, under paragraph 506 of the same act, as modified by the trade agreement with the United Kindgom, T. D. 49753, as "Sugar candy and all confectionery not specially provided for," at 20 per centum, less the Cuban preferential of 20 per centum. The last-named claim was not relied on.

The respective paragraphs are in the following language:

PAR. 761. Edible nuts, not specially provided for, not shelled, 2½ cents per pound; shelled, 5 cents per pound; cashew nuts, shelled or unshelled, 2 cents per pound; any of the foregoing, if blanched, shall be subject to the same rate of duty as if not blanched; pickled, or otherwise prepared or preserved, and not specially provided for, 35 per centum ad valorem; nut and kernel paste not specially provided for, 25 per centum ad valorem: *Provided*, That no allowance shall be made for dirt or other impurities in nuts of any kind, shelled or unshelled, and that a mixture of two or more kinds of nuts shall bear the highest rate of duty applicable to any of the components.

PAR. 758. Coconuts, one-half of 1 cent each; coconut meat, shredded and desiccated, or similarly prepared, 3½ cents per pound.

Plaintiff introduced testimony and also the official sample in evidence. It was agreed that the merchandise represented by the official sample (exhibit 1) consists of coconut meat which has been shredded or grated into small pieces and packed in tins in sugar sirup consisting of a mixture of sugar and water.

The import manager of the plaintiff corporation testified that he has personally purchased, sold, and become familiar with the use of coconut meat in various forms and has seen it used in his home. He testified as to the use of shredded and desiccated coconut and also a product consisting of coconut meat which had not only been shredded and desiccated but also sugared, that is, rolled in dry sugar powder. As to the use of the instant product, he testified that he had seen his wife use it to cover layer cakes, as a frosting.

Plaintiff's contention as set forth in the brief filed is that paragraph 758, *supra*, and its predecessor paragraphs apply to coconut meat imported in the form of exhibit 1. It is contended that the method of preparation did not alter its qualities or use from that of shredded and desiccated coconut meat sweetened with dry sugar. Unfortunately, the only information we have as to the method of preparation of this commodity is the agreement of counsel that it consists of coconut meat which has been shredded or grated into small pieces and packed in tins in sugar sirup consisting of a mixture of sugar and water.

A consideration of the legislative history of the paragraph in question is of interest. In the Summary of Tariff Information, 1929, compiled for use in the preparation of the bill which later became the Tariff Act of 1930, we find, on page 1331, the following:

### COCONUT MEAT, SHREDDED AND DESICCATED

Description and uses.—Coconut meat is prepared for food purposes by shredding and artificially drying, with or without the addition of sugar. The sweetened variety is mainly packed in small packages for the household trade and in pails and boxes for the baking and confectionery trades. The unsweetened variety is usually sold in large containers for bakers and confectioners. One thousand coconuts will yield approximately 300 pounds of unsweetened, shredded, desiccated coconut. Shredded and desiccated coconut is used mainly for cake and biscuit making, and for confectionery.

From the above, it is evident that the legislative body had in mind coconut meat which had undergone processes of cutting or shredding and desiccating or drying. It is probable that at the date of the passage of the act of 1930, coconut meat in the form in which the instant commodity appears had not been imported. It has been held that articles not commercially known at the time of passage of a tariff law, but within the proper definition of similar articles provided for therein, are covered thereby. *Newman* v. *Arthur*, 109 U. S. 132; *Pickhardt* v. *Merritt*, 132 U. S. 252 at 257; *Hedden* v. *Robertson*, 151 U. S. 520 at 525; *United States* v. *Einstein*, 78 Fed. 797 at 798; *Wm. J. Matheson & Co.* v. *United States*, 90 Fed. 276 at 277; and *United States* v. *Sehlbach*, 90 Fed. 798 at 800. Therefore, if the commodity before us falls within the proper definition of "coconut meat, shredded and desiccated, or similarly prepared" the fact that it was unknown to commerce at the time of the passage of the Tariff Act of 1930, would not preclude its inclusion within the terms of paragraph 758, *supra*.

It appears to the court, from a reading of the statute, that the commodity which Congress contemplated in enacting that paragraph was a dried product, which had also been shredded, or coconut meat which had undergone similar processes to shredding and drying. It is clear from an inspection of the sample that the commodity before us has not been subjected to any drying process, nor do we understand the plaintiff to make such claim. Had the legislative body intended that coconut meat which had been shredded *or* dried, or been subjected to either process, should be included within the purview of the paragraph, it would have been fairly simple for it to have made use of language so indicating, as was done in the acts of 1894, 1897, 1909, and 1913. Instead it provided in this paragraph for coconut meat which has undergone two enumerated processes, shredding and desiccating, or processes similar thereto.

In passing, it may be interesting to examine earlier tariff provisions for coconuts and coconut meat, which tend to throw some light upon the commodities contemplated by the Congress in the various tariff acts.

In the act of 1890, paragraph 582 provided for "cocoa nuts." In the act of 1894, paragraph 218, the provision was changed to "prepared or desiccated cocoanut or copra." Paragraph 267 of the act of 1897 changed the language to "cocoanut meat or copra desiccated, shredded, cut or similarly prepared," and further provided in paragraph 622 thereof for "cocoanuts in the shell." This was again changed in the act of 1909 to "cocoanut meat or copra desiccated, shredded, cut, or similarly prepared," in paragraph 278, while the free list. of that act, paragraph 635, contained a provision for "cocoanuts in the shell and broken cocoanut meat or copra, not shredded, desiccated, or prepared in any manner." The provisions of the act of 1909 were carried over without change to paragraphs 221 and 557, respectively, of the act of 1913. In the act of 1922, we find, in paragraph 756 thereof, provisions for. "coconuts," and for "coconut meat, shredded and desiccated, or similarly prepared." The provision for "copra" was eliminated from the paragraph.

Plaintiff in the brief filed contends that the coconut meat here involved is similar to that provided in paragraph 758, *supra*. In view of the wording of the paragraph, we find no warrant for resorting to similitude, that wording plainly indicating similitude only in the process of preparation. Therefore, we consider a discussion of similarity of use of the two commodities of no avail.

In view of our finding that the merchandise at bar has not been shown to be similarly prepared to coconut meat which has •been shredded and desiccated, we hold that the plaintiff has failed to sustain the burden of overcoming the presumption of correctness attaching to the collector's classification of this commodity as "Edible nuts, * * * pickled, or otherwise prepared or preserved, and not specially provided for, * * *" dutiable at 35 per centum ad valorem under paragraph 761 of the Tariff Act of 1930, less the 20 per centum Cuban preferential.

Judgment will be rendered for the defendant.

CONCURRING OPINION

Johnson, Judge: I agree with my associates that shredded or grated coconut meat packed in sugar sirup in tins does not come within the tariff description of "coconut meat, shredded and desiccated, or similarly prepared," inasmuch as the term "similarly prepared" has been construed to include a dried coconut article which might have been treated further after being dried and shredded.

At the time the Tariff Act of 1922 was under consideration by the Congress, testimony taken before the Ways and Means Committee of the House of Representatives (Hearings on General Tariff Revision, page 1960) described desiccated coconut as "dried coconut that has been shredded and prepared under sanitary conditions." In the case of *W. R. Grace & Co.* v. *United States*, 19 C. C. P. A. 326, T. D. 45482, the appellate court, relative to the interpretation of the term "coconut meat, shredded and desiccated, or similarly prepared" stated:

\* \* \* The grinding process, following the shredding process, might remove the resulting product from being defined as shredded, but it would clearly come within the provision of said paragraph, "or similarly prepared."

As far back as October 18, 1894, the Board of General Appraisers in the case of *Wilkens & Co.* v. *United States*, G. A. 2811, T. D. 15417, construed the word "desiccated" as used in the trade to mean shredded as well as dried. The evidence before us does not establish that the product had been shredded and desiccated before it was placed in its imported condition, and therefore in my opinion the classification of the collector, which is presumptively correct, has not been overcome.