UNITED STATES v. WAENTIG.

(Circuit Court, S. D. New York. February 9, 1909.)

No. 4,146.

Customs Duties (§ 33*) — Classification — Embroidered Articles — "Embroidery."

The provision in Tariff Act July 24, 1897, c. 11, § 1, Schedule J, par. 339, 30 Stat. 181 (U. S. Comp. St. 1901, p. 1662), for "embroidery" and articles "embroidered in any manner," does not include articles stitched on the edge with needlework of the plainest description, which simply serves the necessary and useful purpose of preventing raveling. The fundamental idea of embroidery is that it is needlework done upon a previously completed fabric, as distinguished from tapestry or lace work, in which the design is a part of the original fabric. It is also essential that it should be ornamental, rather than merely useful.

[Ed. Note.—For other cases, see Customs Duties, Cent. Dig. § 92; Dec. Dig. § 33.*

For other definitions, see Words and Phrases, vol. 3, p. 2361.]

On Application for Review of a Decision by the Board of United States General Appraisers.

For decision below, see G. A. 6,205 (T. D. 26,853).

J. Osgood Nichols, Asst. U. S. Atty.
Curie, Smith & Maxwell (W. Wickham Smith, of counsel), for importer.

HOLT, District Judge. The question involved in this appeal is whether certain towels and doilies imported by the defendant are em-

broidered. The towel is cut in a scalloped shape at each end, and then stitched at the edge. The doily is also cut in a scalloped shape entirely around its edge, and stitched in the same way. The government claims that they were imported under Tariff Act July 24, 1897, c. 11, § 1, Schedule J, par. 339, 30 Stat. 181 (U. S. Comp. St. 1901, p. 1662), which provides that "embroideries" and other articles "embroidered in any manner" shall pay a duty of 60 per cent. ad valorem. Duty was originally assessed at this rate, but upon an appeal by the importer the Board of General Appraisers reversed this appraisal and assessed duty at a lower rate, appropriate for such articles if they were not embroidered.

A large amount of testimony was taken on the question whether such goods are commercially known as "embroidered goods." The evidence is very conflicting. Some witnesses say that such goods are known in the trade as "embroidered scalloped work," and others say they are known simply as "scalloped work" and not as "embroidered work." On the merits, I think the test of whether an article is embroidered is whether the needlework upon it serves an ornamental purpose. If it simply serves a useful purpose, it does not seem to me that any one would term it embroidery. The fundamental idea of embroidery seems to be that it is needlework done upon a previously completed fabric, as distinguished from tapestry or lace work, in which the design is a part of the original fabric, and the idea that it shall be ornamental also seems to be essential to the definition. All the dictionary definitions include the idea that embroidery is ornamental work, as shown by the following definitions:

The Century Dictionary:

"Embroidery: 1. The art of working with the needle raised and ornamental designs in threads of silk, cotton, gold, silver, or other material, upon any woven fabric, leather, paper, etc. 2. A design produced or worked according to this art."

The Standard Dictionary:

"Embroidery: Ornamental work done with a needle on canvas, cloth, leather, etc. * * * The work may be done by hand or with machinery, and threads of cotton, silk, silver, gold, etc., may be used; but embroidery is always work added to the completed fabric by means of a needle."

The New International Encyclopedia:

"Embroidery: The art of producing, by means of needle and thread, ornamental designs upon cloth or other fabrics. The term 'embroidery' is always applied to a completed fabric; and the art is thus distinguished from the kindred arts of tapestry and lacemaking, in which the ornament is part of the structure of the material."

I think the true test in this case is whether the needlework on the edge of the towels and doilies in question is ornamental. My conclusion is that it is not. I think the cutting of the two ends of the towel and the edge of the doily into a scalloped shape is to some slight extent ornamental; but the needlework which is alleged to be embroidery is of the plainest description, and simply serves the necessary and useful purpose of preventing the articles from raveling at the edge when in actual use. The fact that it is done over a cord does not seem to me important. The cord serves simply to strengthen the stitching. If the

ends of the towels and the edge of the doilies had been left unscalloped, and the needlework that is already upon them had been done upon a straight edge, I think that it could not be claimed that such needlework was ornamental. Some kind of needlework at the edge would be necessary in any case to prevent the article from raveling in use; and I do not think that the kind of needlework which is shown on the towels and doilies in this case differs in any essential particular from any ordinary needlework, some form of which must be used in finishing the edge of these articles.

My conclusion is that the decision of the General Appraisers in this case should be affirmed.