SLOANE *v*. UNITED STATES (No. 1737).[1]

1. CONSTRUCTION, PARAGRAPH 358, TARIFF ACT OF 1913—EMBROIDERY.
   As commonly used the term " embroidery " signifies a form of ornamental work produced by the needle on a completed textile or other existing suitable surface, and necessarily implies the ornamentation and not the creation of the textile or other surface which it is designed to embellish. Embroidery is in its very nature a stitching, not a weaving, process.

---

[1] Reported in T. D. 37049 (32 Treas. Dec., 252).

2. TAPESTRY.

A textile fabric, the distinguishing feature of which is an even, unbroken surface, ornamented in the making with figures and designs in colored threads or yarns, is tapestry, and is not dutiable as embroidery under paragraph 358, tariff act of 1913. It is dutiable as "cloths, * * * and all manufactures of every description made, by any process, wholly or in chief value of wool, not specially provided for" (par. 288).

## United States Court of Customs Appeals, February 28, 1917.

APPEAL from Board of United States General Appraisers, G. A. 7910 (T. D. 36421).
[Reversed.]

Comstock & Washburn (Albert H. Washburn and Geo. J. Puckhafer of counsel) for appellants.

Bert Hanson, Assistant Attorney General (Thomas J. Doherty, special attorney, of counsel), for the United States.

[Oral argument Dec. 7, 1916, by Mr. Washburn and Mr. Hanson.]

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

SMITH, Judge, delivered the opinion of the court:

In this case certain fabrics imported at the port of New York were classified by the collector of customs as embroideries and assessed for duty at 60 per cent ad valorem under that part of paragraph 358 of the tariff of 1913, which reads as follows:

358. * * * Embroideries, * * * and all articles or fabrics embroidered in any manner by hand or machinery, whether with a plain or fancy initial, monogram, or otherwise, or tamboured, appliquéd, or scalloped by hand or machinery, any of the foregoing by whatever name known; * * * 60 per centum ad valorem.

The importer protested that the goods were tapestries, not embroideries, and that they were dutiable at 35 per cent ad valorem as cloths or manufactures in chief value of wool not specially provided for, under the provisions of paragraph 288 of said act, which paragraph, in so far as pertinent, reads as follows:

288. Cloths, * * * and all manufactures of every description made, by any process, wholly or in chief value of wool, not specially provided for in this section, 35 per centum ad valorem; * * *.

The Board of General Appraisers overruled the protest and the importers appealed.

If the goods are not dutiable under paragraph 358, as found by the collector, the Government concedes that they are dutiable under paragraph 288, as claimed by the importers, and therefore whether the goods are embroideries becomes the only question in the case. We are of the opinion that the fabrics under consideration have not the special characteristics which are peculiar to embroideries and which, to the popular mind, distinguish them from all other classes of ornamental needlework. The Standard Dictionary defines embroidery to be—

Ornamental work done with the needle on cloth, canvas, leather, etc.; also the art of producing such ornamentation or the fabric ornamented.

The work may be done by hand or with machinery, and threads of cotton, silk, silver, gold, etc., may be used; *but embroidery is always work added to the completed fabric by means of a needle.* (Italics ours.)

The New International Encyclopedia says that embroidery is—

The art of producing, by means of needle and thread, ornamental designs upon cloth or other fabric. *The term embroidery is always applied to a completed fabric, and the art is thus distinguished from the kindred arts of tapestry and lace making, in which the ornament is part of the structure of the material.* (Italics ours.)

See also " Embroidery—Embroidery and lace," by Lefebvre and Cole (p. 2).

We think that as commonly used the term " embroidery " signifies a form of ornamental work produced by the needle on a completed textile or other existing suitable surface, and necessarily implies the ornamentation and not the creation of the textile or other surface which it is designed to embellish. Embroidery is in its very nature a stitching, not a weaving operation, and consequently it may be applied for ornamental purposes not only to textile fabrics, but also to leather, skins, and other surfaces which can be stitched. On the other hand, tapestry work is accomplished by a process of weaving rather than of stitching, inasmuch as it produces an ornamental textile surface not by passing threads backward and forward through a compact or solid surface, which is stitching, but by an entwining or interlacing of threads, which may well be ranked as weaving. See " Weave and tapestry," Standard Dictionary; " Weave—Embroidery and lace," Lefebvre and Cole (p. 2); " Tapestry," New International Encyclopedia. It may be that all ornamental weaves are not tapestries, but certainly a tapestry imports an ornamental textile fabric, and in that particular differs from embroidery, which, as we have seen, does not necessarily imply a textile fabric at all.

In olden times tapestries were made by establishing a foundation of crossed threads, which foundation was completely concealed by weaving colored yarns and filaments over and under it in such a way as to produce two exposed surfaces, one crude and rough and the other ornamented. As the art progressed, however, it was found that an open weave of canvas or other coarse material served all the purposes of the chain or frame of crossed threads originally used. Such canvas or openwork material is now, as we understand it, woven over and concealed in just the same way as were the crossed threads, thus producing two new exposed surfaces not materially different from those which would be produced by weaving over crossed threads.

As we see it, the essential, radical difference between embroidery and tapestry is that embroidery means the ornamentation in relief by stitching of an already created textile or other appropriate surface, whereas tapestry signifies the creation by weaving or like means of a flat close-woven textile surface which is ornamented in colors during the process of creating, weaving, or making it.

We therefore conclude that tapestry and embroidery are distinctly different arts, and that view is fully supported by the testimony in the case, which is to the effect that instruction and experience in the making of embroideries in no way equips a person to do tapestry work, and a knowledge of tapestry work furnishes no guide whatever to the making of embroideries.

Inasmuch as the merchandise in question is a textile fabric, the distinguishing feature of which is an even, unbroken, surface ornamented in the making with figures and designs in colored threads or yarns, we are of opinion that the goods imported are tapestries and not embroideries, as that term is popularly understood. The importation not being embroideries, we must, under the admission made by the Government, hold that it was classifiable under paragraph 288, as claimed by the importers, and that the protest should have been sustained.

The decision of the Board of General Appraisers is therefore *reversed*.