UNITED STATES *v.* GRASS BROS. (No. 2456) [1]

1. CONSTRUCTION, PARAGRAPH 1433, TARIFF ACT OF 1922—LEATHER "GLOVES * * * EMBROIDERED OR EMBELLISHED."

Embroidery is made by stitching, but all stitching is not embroidery. If stitching on the back of a leather glove is primarily for a useful purpose, such as to strengthen it, the glove is not "embroidered or embellished" within the meaning of that phrase in paragraph 1433, Tariff Act of 1922, levying a cumulative duty upon such.

---

2. LEATHER GLOVES, CORDED AND STITCHED, "PARIS POINT"—PRESUMPTION FAVORS BOARD.

Women's leather gloves—corded and stitched on the back in a fashion known as "Paris point," which is the simplest and plainest of such effects— were assessed with the cumulative duty prescribed by paragraph 1433, Tariff Act of 1922, for such "when embroidered or embellished." With the evidence in hopeless conflict as to whether the cording and stitching strengthened or only ornamented them, the judgment of the Board of United States General Appraisers sustaining the protest is affirmed.

## United States Court of Customs Appeals, April 20, 1925

APPEAL from Board of United States General Appraisers, G. A. 8829 (T. D. 40307)·

[Affirmed.]

*William W. Hoppin,* Assistant Attorney General (*Charles D. Lawrence* and. *Fred J. Carter,* special attorneys), for the United States.
*Comstock & Washburn* (*George J. Puckhafer* of counsel) for appellees.

·[Oral argument March 26, 1925, by Mr. Lawrence and Mr. Puckhafer]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

BLAND, Judge, delivered the opinion of the court:

Paragraph 1433 of the Tariff Act, 1922, reads as follows:

PAR. 1433. Gloves made wholly or in chief value of leather, whether wholly or partly manufactured, shall pay duty at the following rates, the lengths stated in each case being the extreme length when stretched to their full extent, namely: Men's gloves not over twelve inches in length, $5 per dozen pairs; and women's and children's gloves not over twelve inches in length, $4 per dozen pairs; for each inch in length in excess thereof, 50 cents per dozen pairs: *Provided,* That, in addition thereto, on all of the foregoing there shall be paid the following cumulative duties: * * * when embroidered or embellished, 40 cents per dozen pairs: * * *

This appeal involves the sole question of the construction of the words "embroidered or embellished" as applied to ladies' white leather gloves stitched on the back with three raised cord stitches and two rows of stitching on each side of each cord, all of which stitching is called the Paris point. If the stitching on the back of the glove is embroidery, or embellishes the glove, a cumulative duty of 40 cents per dozen pairs, in addition to the regular duty, should be assessed by the collector.

The exact wording in the Tariff Act, 1922, is new in tariff legislation. Congress, in the tariff acts of 1890, 1897, and 1909, provided for cumulative duties for certain embroidery or stitching on gloves. Paragraph 458 of the act of 1890 is read as follows:

PAR. 458. * * *; on all embroidered gloves, with more than three single strands or cords, 50 cents per dozen pairs.

Paragraph 445 of the act of 1897, and paragraph 459 of the act of 1909, are as follows:

* * *;  on all gloves stitched or embroidered, with more than three single strands or cords, 40 cents per dozen pairs.

The tariff act of 1913 omitted all reference to cumulative duties.

The courts have been frequently called upon to construe these cumulative provisions. Their decisions have been concerned chiefly with the question as to whether the embroidery itself was made "with more than three single strands or cords;" and are of very little help in answering the question involved in this suit.

No doubt, Congress, recognizing the uncertainty and conflict in the administration of the provisions in the acts, and at the same time desiring that cumulative duty be levied upon gloves upon which certain decorative work had been done, abandoned the former wording of the paragraphs on this subject and used words which it regarded as involving less uncertainty in interpretation. We are not sure that Congress intended to require classification different from that under the old paragraphs, but we do think it believed it had simplified its application to importations.

Funk & Wagnalls New Standard Dictionary defines *embroidery* as, "ornamental work done with the needle on cloth, canvas, leather, etc. The work may be done by hand or with machinery, and threads of cotton, silk, silver, gold, etc., may be used; but embroidery is always work added to the completed fabric by means of a needle. Any variegated or elaborate ornamentation, especially if it resemble ornamental needlework; adornment; embellishment."

By the same authority *embellishment* is defined to mean "a beautifying or adorning. Anything that renders more beautiful or attractive; an ornament; ornamentation."

Embroidery is made by stitching, but all stitching is not embroidery. If the stitching on the back of the glove is primarily for the purpose of strengthening the glove, or to prevent it from stretching, or for a useful purpose other than ornamentation, it should not be regarded as embroidery or embellishment within the meaning of the paragraph. It would seem, from illustrative samples before us and from the testimony of the witnesses, that the stitching on the gloves, in Exhibit I, under consideration, is probably the simplest and least elaborate stitching effect of all ladies' imported leather dress gloves.

The importers' witnesses before the Board of General Appraisers testified positively that the stitching is in no sense for ornamentation but is for the sole purpose of giving the gloves strength; that it prevents the glove from stretching on the back when the back is pulled upon for the purpose of forcing the gloves over the fingers. We can readily understand how the stitching or cord effect would prevent the

stretching of the leather when putting the glove on and be conducive to a closer fitting glove on the back of the hand. We can not see how it would strengthen or prevent stretching of the back of the glove when pulled or stretched across the back of the hand, since the threads or cords do not run in that direction.

The testimony of the Government's witnesses is equally definite and positive that the cording and stitching weakens the gloves and are only used for the purpose of ornamentation.

If the testimony of the importers' witnesses was to be taken to the exclusion of that of the Government's witnesses, we would conclude that the stitching effect is not embroidery or embellishment, and if the testimony of the Government's witnesses, to the exclusion of the importers' witnesses, was to be taken, we would be justified in the conclusion that the stitching effect is an embellishment and probably an embroidery.

In classification cases the rule is too well settled in this court to require citation that upon conflicting testimony this court will disturb the finding of the Board of General Appraisers only when it is against the clear weight of the evidence. The Board of General Appraisers, in its decision, said:

> The evidence shows that no women's leather dress gloves are imported without some stitched or embroidered effect on the backs thereof, and such being the fact we are led to conclude that in providing cumulative duty of 40 cents per dozen pairs on such gloves when embroidered or embellished, the congressional intent was that such cumulative duty was not designed to be imposed upon any effect upon the back of a glove so simple and plain as that known as Paris Point, which is the simplest produced on women's gloves.

> By a clear preponderance of the testimony it is shown that this simple effect on the back of the glove is not for ornamentation, but to strengthen the back of the glove in order that it may hold its shape. Lexicographers are in substantial agreement that to embroider means to work a design upon the surface of material or some article, while to embellish is to beautify, decorate, or adorn, and as we are of the opinion that the gloves in question are neither embroidered nor embellished within the meaning of paragraph 1433, supra, the protest is sustained on the question of cumulative duty of 40 cents per dozen pairs and overruled in all other respects.

It will be observed that the board found, from the testimony, that the simple effect on the back of the glove was not for ornamentation but to strengthen it.

We think the record contains evidence from which the board was justified in finding those facts. The judgment of the Board of General Appraisers is *affirmed*.