The judgment of the United States Customs Court is *affirmed.*

UNITED STATES *v.* MONROE FOREIGN FORWARDING CO. (No. 3256)[1]

[1] T. D. 44006.

United States Court of Customs and Patent Appeals, April 29, 1930

*Charles D. Lawrence*, Assistant Attorney General (*Oscar Igstaedter*, special attorney, of counsel), for the United States.

*Comstock & Washburn* (*J. Stuart Tompkins* of counsel) for appellee.

[Oral argument April 14, 1930, by Mr. Lawrence and Mr. Tompkins]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court.

Merchandise, consisting of cotton gloves with three lines of needle-work composed of cotton threads superimposed on the cotton fabric and appearing on the back of each glove, was assessed for duty by the collector at the port of St. Louis as "articles embroidered in any manner by hand or machinery" at 75 per centum ad valorem under paragraph 1430 of the Tariff Act of 1922, the pertinent part of which reads as follows:

PAR. 1430. * * * embroideries not specially provided for, and all fabrics and articles embroidered in any manner by hand or machinery, whether with a plain or fancy initial, monogram, or otherwise, or tamboured, appliquéd, scalloped, or ornamented with beads, bugles, or spangles, or from which threads have been omitted, drawn, punched, or cut, and with threads introduced after weaving to finish or ornament the openwork, not including straight hemstitching; all the foregoing, finished or unfinished, by whatever name known, and to whatever use applied, and whether or not named, described, or provided for elsewhere in this Act, when composed wholly or in chief value of yarns, threads, filaments, tinsel wire, lame, bullions, metal threads, beads, bugles, spangles, or products of cellulose provided for in paragraph 1213, 75 per centum ad valorem.

The importer protested, claiming that the gloves were dutiable at the appropriate rate of duty under paragraph 915, which reads as follows:

PAR. 915. Gloves, composed wholly or in chief value of cotton or other vegetable fiber, made of fabric knit on a warp-knitting machine, if single fold of such fabric, when unshrunk and not sueded, and having less than forty rows of loops per inch in width on the face of the glove, 50 per centum ad valorem; when shrunk or sueded or having forty or more rows of loops per inch in width on the face of the glove, and not over eleven inches in length, $2.50 per dozen

pairs, and for each additional inch in excess of eleven inches, 10 cents per dozen pairs; if of two or more folds of fabric, any fold of which is made on a warp-knitting machine, and not over eleven inches in length, $3 per dozen pairs, and for each additional inch in excess of eleven inches, 10 cents per dozen pairs, but in no case shall any of the foregoing duties be less than 40 nor more than 75 per centum ad valorem; made of fabric knit on other than a warp-knitting machine, 50 per centum ad valorem; made of woven fabric, 25 per centum ad valorem.

On the trial below, the witness, Christian J. Franzl, testified for the importer. He said that the gloves were known in the United States as "funeral gloves"; that the fabric out of which they were made was woven cotton cloth; and that the lines of stitching appearing on the backs of the gloves were superimposed on the fabric after it was cut to be made into gloves. He said that the stitching on the backs of the gloves is not embroidery; and that it is "an imitation of a decoration." He further said:

Q. If you sewed it up without these lines on it or superimposed threads, wouldn't you have a completed glove?—A. Yes, I think you would.

    *        *        *        *        *        *        *

Q. Will you answer that question, that is embroidery though, isn't it?—A. Not embroidery. I say it is an imitation. Good gloves are made with embroidery.

Q. It is an imitation of embroidery?—A. It is an imitation decoration.

Q. Is it an imitation of embroidery?—A. You can say imitation of embroidery too if you want.

Q. It does not serve any purpose on there except as a decoration?—A. It has no other use.

Q. A glove is a glove without it on there?—A. It would not look good on the hand.

The court below sustained the protest, holding that the stitching on the backs of the gloves was not embroidery, and that the merchandise was dutiable as gloves made of woven fabric at 25 per centum ad valorem under paragraph 915, *supra.*

It is conceded by counsel for appellee that the gloves are not made of woven fabric. It is contended, however, that they are dutiable at 50 per centum ad valorem under the provision contained in paragraph 915, for gloves made of cotton "fabric knit on other than a warp-knitting machine."

Counsel for the Government, on the other hand, contends that the gloves were properly classified as embroidered articles at 75 per centum under paragraph 1430.

It clearly appears from the testimony of the witness, Franzl, that the purpose of superimposing the three lines of stitching on the backs of the gloves was to give a "raised" and ornamental effect. It is true that the ornamentation is not as elaborate as some designs used on more expensive gloves; nevertheless, it serves no purpose other than that of adornment, and, as it consists of ornamental needlework, is, in our opinion, embroidery.

In the case of *Kayser & Co. (Inc.)* v. *United States*, 13 Ct. Cust. Appls. 474, T. D. 41367, this court said:

One of the most effective methods used for the decoration or ornamentation of fabrics is embroidery; that is to say, the imposition on a completed textile of needlework figures, designs, or patterns made by hand or machine and composed of threads, yarns, or filaments. See "embroidered" and "embroidery"—New Standard Dictionary; New International Encyclopedia; *Sloane* v. *United States*, 7 Ct. Cust. Appls. 463.

\*  \*  \*  \*  \*  \*  \*

The embroidery provision of paragraph 1430 is so sweeping, clear, and definite as to the goods subjected to its operation that there is no room for interpretation and no doubt left as to the goods which Congress meant to include. That provision subjects to its operation not only fabrics and articles embroidered in any manner, as did the tariff acts of 1897, 1909, and 1913, but prescribes that the duty therein specified shall be imposed on all embroidered fabrics and articles, finished or unfinished, *by whatever name known and to whatever use applied, and whether or not named, described, or provided for elsewhere in the act.* Every paragraph of the Tariff Act of 1922 must yield to that language, and that means that a duty of 75 per centum ad valorem must be levied on every embroidered commodity composed of yarns, threads, filaments, tinsel wire, lame, bullions, metal threads, beads, bugles, spangles, or products of cellulose.

See also *Kotzin Bros. et al.* v. *United States*, 14 Ct. Cust. Appls. 99, T. D. 41589.

This case is clearly distinguishable from the cases of *United States* v. *Grass Bros.*, 13 Ct. Cust. Appls. 33, T. D. 40866, and *Mayer & Co. et al.* v. *United States*, 13 Ct. Cust. Appls. 390, T. D. 41321.

We conclude that the involved gloves are ornamented with embroidery, and that they are dutiable under paragraph 1430, *supra*, as assessed by the collector.

The judgment is *reversed.*