MARSHALL FIELD & Co. *v.* UNITED STATES (No. 3489) [1]

United States Court of Customs and Patent Appeals, February 29, 1932

*James W. Bevans* for appellant.

*Charles D. Lawrence*, Assistant Attorney General (*William H. Futrell* and *Ralph Folks*, special attorneys, of counsel), for the United States.

[Oral argument February 10, 1932, by Mr. Bevans and Mr. Folks]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

BLAND, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court which overruled appellant's protest and held certain linen and cotton handkerchiefs dutiable as assessed under paragraph 1529 of the Tariff Act of 1930, the material portion of which paragraph follows:

PAR. 1529. * * *

(b) Handkerchiefs * * * embroidered (whether with a plain or fancy initial, monogram, or otherwise, and whether or not the embroidery is on a scalloped edge), * * * all the foregoing, finished or unfinished, of whatever material composed, * * * valued at more than 70 cents per dozen, 4 cents each and 40 per centum ad valorem; * * *.

---

[1] T. D. 45509.

Importer claims that the merchandise is dutiable under paragraph 1016 or under paragraph 918 of the same act the material portions of which paragraphs read:

PAR. 1016. Handkerchiefs, wholly or in chief value of vegetable fiber, except cotton, finished or unfinished, * * * hemmed or hemstitched, * * * 50 per centum ad valorem.

PAR. 918. Handkerchiefs and woven mufflers, wholly or in chief value of cotton, finished or unfinished, not hemmed, shall be subject to duty as cloth; hemmed or hemstitched, 10 per centum ad valorem, in addition.

The briefs contain no discussion of the question as to whether appellant has made proper claims in its protest, but during the argument in this court some question was raised by the Government challenging the sufficiency of the protest in warranting this court in holding that certain parts of the merchandise were dutiable under one of the paragraphs urged by appellant.

In view of our conclusions that the merchandise is properly dutiable as assessed and as found by the lower court, we think it unnecessary to discuss the sufficiency of the protest to raise the particular question to which reference has been made.

Three exhibits, Exhibits 1, 2, and 3, representative of the merchandise, were introduced as part of the record. As far as the issues at bar are concerned the exhibits are identical. The sole question presented is whether or not certain stitching on the scalloped edges of the handkerchiefs brings the same within the language used in paragraph 1529—

embroidered (whether with a plain or fancy initial, monogram, or otherwise, and whether or not the embroidery is on a scalloped edge), * * *.

Around the scalloped edge of each handkerchief is a narrow border of thread stitching which is stitched over a cord or thread which follows the entire edge of the handkerchief. The cord is placed parallel to and against the edge of the cloth and does not overlap the cloth. The stitches extend from the outer edge of the cord into the handkerchief for a distance of probably a little more than one thirty-second of 1 inch. One of the exhibits is a pink handkerchief with white silk-thread stitching over a white cord; another is a blue handkerchief with white silk-thread stitching over a white cord; the third is a white handkerchief containing figures in shades of brown and a tan silk-thread stitching over a tan cord.

Appellant contends that the stitching is not embroidery; that, notwithstanding the fact that it may give an otherwise plain handkerchief a fancy appearance, it can not be regarded in law as embroidered, since the stitching serves the useful purpose of preventing the raveling of the edges, and relies upon dictionary definitions and the decisions in the cases of *Durbrow & Hearne Manufacturing Co.* v. *United States,*

9 Ct. Cust. Appls. 148, T. D. 37993; *United States* v. *Grass Bros.*, 13 Ct. Cust. Appls. 33, T. D. 40866; *Mayer & Co. et al.* v. *United States*, 13 Ct. Cust. Appls. 390, T. D. 41321; *Kayser & Co. et al.* v. *Pevny, United States Impleaded*, 13 Ct. Cust. Appls. 479, T. D. 41368, and *Sloane* v. *United States*, 7 Ct. Cust. Appls. 463, T. D. 37049.

The Government relies upon the decisions in *Neuss, Hesslein & Co.* v. *United States*, 142 Fed. 281; *Billwiller Bros.* v. *United States*, T. D. 44911; *United States* v. *Waentig*, 168 Fed. 570, and *United States* v. *H. A. Caesar & Co.*, 18 C. C. P. A. (Customs) 106, T. D. 44067.

The provision "whether or not the embroidery is on a scalloped edge" in paragraph 1529, *supra*, is a new provision not found in previous tariff acts.

The court below, referring to this provision, said—

By the provision for "handkerchiefs embroidered * * * whether or not the embroidery is on a scalloped edge," in paragraph 1529 (b) of the Tariff Act of 1930, the Congress has clearly indicated its intention to bring within that provision scalloped handkerchiefs, on the edges of which there appears ornamental and decorative stitching which produces forms, figures, or designs, even though this stitching may also serve an incidental utilitarian purpose.

We agree with the conclusion of the court below in the above-quoted language. It is not denied that the stitching on the edge of the scallops served to ornament the handkerchief. When counsel for appellant was asked in this court to what Congress referred by the use of the language, unless it had in mind a stitching which served the same purpose as the stitching at bar, he replied that it had reference to stitching near the edge such as was shown in illustrative Exhibit A. Illustrative Exhibit A is a handkerchief, on the scalloped edges of which is a stitching quite similar, in some respects, to the stitching at bar. Near the stitched edge are embroidered dots which are within the scallops but which do not touch the edge of the handkerchief. Counsel could give no satisfactory rule for determining how close to the edge the embroidered dots were required to be placed in order that they respond to the language used in the quoted portion of paragraph 1529. While it seems clear to us that illustrative Exhibit A (leaving the stitched edge out of consideration) is an embroidered article under the new provision, it seems equally clear that it is an embroidered article under the language used in the Tariff Act of 1922. If what appellant points out is all that Congress had in mind by the use of the new phrase, it was a superfluous and futile use of language.

If the ornamental stitching was more elaborate and extended farther into the handkerchief than is shown in the merchandise at bar, it would, no doubt, give a greater ornamental effect. This, however, is a matter of degree only. We think that Congress, by the new language used in the paragraph under consideration, intended it to apply to merchandise like that at bar.

Before Congress, at the time of enacting the paragraph, in Summary of Tariff Information, 1929, at page 2027, was set out the following definition of embroidery—

Embroidery is ornamental stitching.

Webster's New International Dictionary (1932) defines embroidery as—

1. Needlework used to enrich textile fabrics  *  *  *  etc.
2. Diversified ornamentation, esp. by contrasted figures and colors;  *  *  * .

The stitching at bar enriches and ornaments the articles, and we think that this is its primary purpose.

It is not necessary for us to discuss the decisions relied upon by the appellant, which it contends sustain its position that a stitching which has a utilitarian purpose can not be regarded as embroidery. Regardless of whether these decisions are sound on the general proposition as to what is or is not embroidery, we must hold that, in view of the language used, Congress intended that such stitching as that in the case at bar should be regarded as embroidery.

The decision of the United States Customs Court is *affirmed*.

### DISSENTING OPINION

GARRETT, Judge: I respectfully dissent from the views of the majority in this case, because of my belief that the stitching upon the handkerchiefs involved does not constitute embroidery as that term has been uniformly defined in a long line of decisions rendered by this and other courts.

It is quite true that the words "whether or not the embroidery is on a scalloped edge" are new to the Tariff Act of 1930, but their inclusion therein, without more, should not be taken to mean a change by Congress in the definition of embroidery so often declared in adjudications. Wherever the stitching is, whether on a scalloped edge or elsewhere, it must, to meet the paragraph, be *embroidery*. If it is not otherwise embroidery, the stitching is not rendered such by the *place* where it happens to be applied.

It is also true that the Summary of Tariff Information contains the sentence, "Embroidery is ornamental stitching," as stated in the majority opinion, but there is an additional sentence which seems to me of significance. It reads—

Embroidery requires a *foundation material,* such as cloth or net, on which the *embroidery pattern* is worked; in this essential it differs from lace in which fabric and pattern are produced simultaneously from yarn. (Italics mine.)

No pattern is present in the stitched edges of the scalloped handkerchiefs at issue. A cord or thread is stitched to the border or upon the edge of the handkerchief, following, of course, the conformation

of the article (that is, it follows the scallops), but it neither follows, nor accentuates, nor produces any design. This strand or cord is essential to reinforce the edge and prevent raveling. It is, therefore, primarily utilitarian. Its only feature of ornamentation lies in the color of the thread used, and to be embroidery, under the long-followed definitions of the courts, the ornamentation must result from the stitching—not from the contrasts in appearance produced by color.

A syllabus which appears fairly to comprehend the pertinent portion of this court's opinion in *Kayser & Co. (Inc.) et al.* v. *Pevny, United States Impleaded*, 13 Ct. Cust. Appls. 479, T. D. 41368, reads—

Lines of stitching run around the points on the backs of cotton gloves *to accentuate the points*, the stitching being in *different color* from the gloves, not forming any design and not being in relief, are not embroidery. (Italics new here.)

In *Sloane* v. *United States*, 7 Ct. Cust. Appls. 463, 465, T. D. 37049, this court quoted with emphasis from the definition of embroidery given by the New International Encyclopedia, the following:

The term embroidery is always applied to a completed fabric, and the art is thus distinguished from the kindred arts of tapestry and lace making, in which the ornament is part of the structure of the material.

The court then added—

We think that as commonly used the term "embroidery" signifies a form of ornamental work produced by the needle on a *completed* textile or other existing suitable surface, and necessarily implies the *ornamentation* and *not the creation* of the textile or other surface which it is designed to embellish. (Italics new here.)

In *United States* v. *Field & Co.*, 10 Ct. Cust. Appls. 183, T. D. 38550, this court said—

To constitute an embroidery there must be, by needlework processes, an ornamental *addition superimposed* upon a *previosly completed* fabric or article * * *. (Italics new here.)

Funk & Wagnalls' New Standard Dictionary says—

* * * but embroidery is always work *added to* the *completed* fabric by means of a needle. (Italics mine.)

There is nothing stated in the opinion in *United States* v. *H. A. Caesar & Co.*, 18 C. C. P. A. (Customs) 106, T. D. 44067, nor in the other cases relied upon by the Government and noted in the majority opinion, which seems to me to modify, or change in any respect, the definition of embroidery given in the cases I have cited and in other cases where embroidery has been the subject matter of this court's consideration.

The handkerchiefs here at issue were not completed until their edges were stitched.

I think the court has always heretofore distinguished between that "ornamental stitching" which constitutes embroidery and that "ornamental stitching" which is utilitarian and does not constitute embroidery, and has, in effect, held that while, as stated in the Sum-

mary of Tariff Information, "Embroidery is ornamental stitching," an ornamental stitching is not always embroidery.

It is doubtful to my mind whether the stitching here at issue (the color of the cord being disregarded as it should be) can even be classed as ornamental. Certainly it does not seem to me to be embroidery, as we have heretofore consistently defined that term. It is primarily and essentially utilitarian.

The suit embraces three protests, to wit, 478281–G/79134, 478282–G/79168, 478283–G/79200.

The first and second protests, as originally framed, claimed only under paragraph 1016 of the Tariff Act of 1930, which relates to handkerchiefs "wholly or in chief value of vegetable fiber, except cotton." The claims of these protests, therefore, covered only the linen handkerchiefs at issue, but protest 478282–G/79168 seems to have been amended so as to claim the cotton articles under paragraph 918 of said act, and the third protest, as originally filed, claimed paragraph 1016 for the linen handkerchiefs and paragraph 918 for the cotton handkerchiefs. All the handkerchiefs in the entry covered by protest 478281–G/79134 seem to have been of linen.

I am of the opinion that the judgment should be *reversed* and the cause *remanded*.

HATFIELD, Judge, concurs in the dissenting opinion of Judge GARRETT.