(C.D. 2458)

BRUCE DUNCAN CO., INC.
DON JUAN, JR., INC. } *v.* UNITED STATES

United States Customs Court, Second Division

(Decided May 18, 1964)

*Lawrence & Tuttle* (*Edward N. Glad* of counsel) for the plaintiffs.

*John W. Douglas*, Assistant Attorney General (*Harold L. Grossman*, trial attorney), for the defendant.

Before Lawrence, Rao, and Ford, Judges; Lawrence, J., not participating

Ford, Judge: This protest is lodged against the decision of the collector of customs at Los Angeles in assessing duty at the rate of 27½ per centum ad valorem and 25 cents per pound on certain spun rayon men's sport shirts, with raised design, under the provisions of paragraph 1311 of the Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108.

It is the position of plaintiffs herein that said shirts are ornamented or are in part of insertings, the rate for either of which is 42½ per centum ad valorem under the provisions of paragraph 1529(a) of the Tariff Act of 1930, as modified by said sixth protocol, *supra*.

The pertinent portions of the statutes involved herein are as follows:

Paragraph 1311 of the Tariff Act of 1930, as modified by T.D. 54108, *supra:*

Clothing and articles of wearing apparel of every description, manufactured wholly or in part, wholly or in chief value of rayon or other synthetic textile, and not specially provided for_____ 25¢ per lb. and 27½% ad val.

Paragraph 1529(a) of the Tariff Act of 1930, as modified by T.D. 54108, *supra:*

Articles (including fabrics), ornamented:

\*      \*      \*      \*      \*      \*      \*

Provided for in subdivision [9] of paragraph 1529(a):
   Wearing apparel (except gloves and mittens wholly or in chief value of wool) _____ 42½% ad val.
Articles (including fabrics) wholly or in part of any product provided for in paragraph 1529(a), Tariff Act of 1930

\*      \*      \*      \*      \*      \*      \*

Provided for in subdivision [17] of paragraph 1529(a):
   Wholly or in part of all-overs, edgings, flouncings, flutings, fringes, galloons, gimps, insertings, neck ruffings, ornaments, quillings, ruchings, trimmings, or tuckings, if not in part of lace and not ornamented (except gloves and mittens) _____ 42½% ad val.

United States Import Duties (1952) gives the following definition under the provisions of paragraph 1529(a):

Wherever the word "ornamented" is used in this subparagraph with a reference to this note, it means "embroidered (whether or not the embroidery is on a scalloped edge), tamboured, appliqued, ornamented with beads, bugles, or spangles, or from which threads have been omitted, drawn, punched, or cut, and with threads introduced after weaving to finish or ornament the openwork, *not including one row of straight hemstitching adjoining the hem.*"

Mr. Charles Barenfeld, president of Don Juan, Jr., Inc., manufacturer and importer of ladies', men's, and boys' sportswear for the past 14 years, produced a sample of one of the involved shirts, which was

received in evidence as plaintiffs' exhibit 1. The witness testified that he is familiar with the merchandise, having designed it; that he has the shirts made in Japan, and then has his design of a ship, or a gull, etc., handscreened over the right part of the shirt; that he then has the design raised by placing a piece of cotton or rayon thereon and backing it up, forming a quilting; that the quilting is then stitched on by the use of a Bonaaz machine, which he stated, in his opinion, was an embroidery machine; that he owns Bonaaz machines and has used them for embroidery for the past 6 or 7 years; that without this stitching, the quilting would not be secured to the garment.

Consideration will first be given to the claim of plaintiffs that said shirts are ornamented, i.e., in part of embroidery. The question as to what constitutes embroidery has been litigated on many occasions. In the case of *United States* v. *Florea & Co., Inc.*, 25 CCPA 292, T.D. 49396, the Court of Customs and Patent Appeals, in considering whether certain gloves containing ornamental superimposed designs were embroidered articles, made the following statements:

In arriving at the meaning of the term "embroidery" in tariff statutes the courts have laid down many different definitions thereof. In some instances such as in *Kayser & Co. (Inc.) et al.* v. *Pevny; United States Impleaded*, 13 Ct. Cust. Appls. 479, T.D. 41368, the definition in Webster's New International Dictionary is quoted as follows: "needlework used to enrich textile fabrics, leather, etc." This is a very broad definition and omits a number of limitations which are found in definitions elsewhere relied upon. It is interesting to note that in the *Kayser & Co. (Inc.) et al.* case, *supra*, this court also quoted a definition from *United States* v. *Field & Co.*, 10 Ct. Cust. Appls. 183, T.D. 38550, as follows: "To constitute an embroidery there must be, by needlework processes, an ornamental addition superimposed upon a previously completed fabric or article."

From all the authorities examined, the definition of the term "embroidery," when used in a tariff act, ordinarily requires that for a thing to be embroidered there must be an ornamental, superimposed stitching which is the result of needlework. Some of the definitions require that the stitching must be superimposed upon a previously completed fabric or article and this consideration is of special importance when the stitching finishes or helps to finish the article and has a direct bearing upon the intended purpose of the stitching. * * *

In *Henri Bendel, Inc.* v. *United States*, 25 Cust. Ct. 6, C.D. 1254, various definitions of embroidery were set forth as follows:

* * * In *United States* v. *Waentig*, 168 Fed. 570, the Circuit Court for the Southern District of New York stated:

* * * The fundamental idea of embroidery seems to be that it is needlework done upon a previously completed fabric, as distinguished from tapestry or lacework, in which the design is a part of the original fabric, and the idea that it shall be ornamental also seems to be essential to the definition.

Webster's New International Dictionary, 1949, defines "chain stitch" as follows:

a. An ornamental stitch like the links of a chain, used in crocheting, sewing, and embroidery; also, work so made; chainwork.

In the New International Encyclopaedia, under the caption "The Process of Embroidery," it is stated:

> The tools of the embroiderer are the simplest, consisting of needles to draw the different kinds and sizes of thread through the work, a frame in which to hold the material * * *, and scissors to cut the thread. A stitch is the thread left on the surface of the cloth after each ply of the needle. The most common forms of canvas stitch, with the needle passing through the interstices of warp and weft of the canvas, are cross stitch, tent stitch, Gobelin stitch, Irish stitch, plait stitch. Crewel stitch is a diagonal stitch used in outlining. Some of the other principal stitches are *chain* or *tambour*, herringbone * * * buttonhole, feather, rope, of which the French knot is a complicated form, satin, long and short, darning, and running stitch. [Italics quoted.]

Also, in an Encyclopaedia of Needlework, by Theresa de Dillmont, under the caption "Chain Stitch" the following appears:

> Generally speaking, this stitch is only used for the adornment of under-linen or small articles of fancy-work but it can also be employed in copying cross stitch patterns. In old collections we often meet with very interesting pieces of needlework, which were used for hangings or screens, where the figure-subjects, are executed in chain stitch. Patterns in many colours, gain immensely by being worked in this stitch, the colours blend together better than in any other, and even the shape of the stitch contributes to soften the contrasts of colour.

> Chain stitch cannot, like other stitches, be worked to and fro, nor can all the stitches of one row be finished first, as is generally possible in cross stitch work, each row must be begun separately, and always from the same side, and a different needle should be used for each colour, as the material has often to be changed.

An examination of plaintiffs' exhibit 1 leaves no doubt that the chainstitch in gold thread enhances the appearance of the article and that said stitch is a recognized embroidery stitch. However, this in and of itself does not make it embroidery. As stated in *United States* v. *Grass Bros.*, 13 Ct. Cust. Appls. 33, T.D. 40866, "Embroidery is made by stitching, but all stitching is not embroidery"; nor as stated in the *Florea* case, *supra*, is it necessary to hold every ornamental dot, stitch, or stitching placed upon a textile or a textile article, without a predetermined design, to be embroidery. We do not feel that the stitches placed upon plaintiffs' exhibit 1 fall within the purview of the term "embroidery."

In addition thereto is the obvious fact the stitching is primarily for the purpose of securing to the shirt the material which raises the design. It is quite evident that where stitching is primarily utilitarian, although incidentally ornamental, said article is not "embroidered" within the purview of paragraph 1529(a), *supra;* that is not to say that stitching which is primarily ornamental and secondly utilitarian could not fall within the tariff classification for embroidery.

*Kayser & Co. (Inc.)* v. *United States*, 13 Ct. Cust. Appls. 474, T.D. 41367.

The second contention of plaintiffs herein is that, by virtue of the additional material used to raise the design on the shirt, the shirt, if not embroidered, is in part of inserting.

In the Summary of Tariff Information (1929), the term "inserting" is defined as follows:

* * * Inserting or insertion, is narrow lace or embroidery, or other ornamental material, especially made for inserting in a plain fabric. It is made with both edges straight, and with a certain amount of plain work on either edge for use in sewing it to the fabric. * * *

The Modern Textile Dictionary by Linton (revised, 1963) gives the following definition of "insertion":

Narrow lace that has a plain edge on either side that will admit of insertion into a fabric.

The Encyclopedia of Textiles—by the editors of American Fabrics Magazine, Prentice Hall—1960 (Doric Publishing Co.) gives the following definition:

INSERTION: Lace, embroidery or other needlework inserted and sewn between two cut edges of fabric for ornamental purposes.

It follows from the foregoing that an "insertion" or "inserting" is inserted between two cut edges of fabric. The imported shirt does not have such construction. The padding or filling material is merely placed beneath the design previously handscreened on the shirt and raises the sail portion of the design. This type of operation does not fall within the scope of the term "inserting."

In view of the foregoing, the protest is overruled. Judgment will be rendered accordingly.