### NEUSS, HESSLEIN & CO. v. UNITED STATES.

(Circuit Court, S. D. New York. April 8, 1896.)

No. 1,150.

1. CUSTOMS DUTIES—CLASSIFICATION—OPENWORK EMBROIDERY.

   So-called openwork articles, having ornamental designs stitched thereon by hand with a needle and thread, held to be "embroideries," within the meaning of Tariff Act Oct. 1, 1890, c. 1244, § 1, par. 373, Schedule J, 26 Stat. 594.

2. SAME—EVIDENCE—COMMERCIAL DESIGNATION—TESTIMONY OF A SINGLE WITNESS—SUFFICIENCY.

   On the question of whether certain imported openwork articles were "embroideries," within the meaning of a tariff act, the only evidence was the testimony of a clerk of the importers testifying in their behalf, who had never bought or sold embroideries, and whose only knowledge was as to the designation of the goods in the linen trade. Held, that this testimony was insufficient to establish the commercial scope of the expression "embroideries," or to prove that the goods, though embroidered in fact, were not embroidery in a commercial sense.

   . [Ed. Note.—Interpretation of commercial and trade terms in tariff laws, see note to Dennison Mfg. Co. v. United States, 18 C. C. A. 545.]

On Application for Review of a Decision of the Board of United States General Appraisers.

For decision below, see G. A. 1,808 (T. D. 13,506), which affirmed the assessment of duty by the collector of customs at the port of New York on goods imported by Neuss, Hesslein & Co.

Stephen G. Clarke, for importers.

Henry D. Sedgwick, Jr., Asst. U. S. Atty.

TOWNSEND, District Judge. The articles in question herein are tidies or covers with openwork patterns formed therein, the threads and edges of which have been stitched in ornamental designs by hand. The collector assessed them for duty under Tariff Act Oct. 1, 1890, c. 1244, § 1, par. 373, Schedule J, 26 Stat. 594, as articles composed of flax embroidered or embroideries. The importers protested, claiming that they were neither embroideries or commercially known as such, but were dutiable as manufactures of flax, under paragraph 371 of said act, 26 Stat. 594. The only evidence as to commercial designation was that of the importers' clerk, who testified that they were not known as embroideries in the trade. This evidence of this single interested witness is incompetent to establish the scope of the commercial designation "embroideries." He has never bought or sold embroideries, and does not deal in them. His only knowledge is as to the designation under which these tidies are known in the linen trade. The Board of General Appraisers, however, has found that the articles are openwork, and are not commercially known as embroidery. The single question is whether they are embroidered articles in fact.

The board has found that these tidies are ornamentally worked by hand with a needle and thread, and this constitutes embroidery. The single witness for the importers does not deny this fact. He only says: "There is no embroidery in this as known by the trade." Webster defines "to embroider" as "to ornament with needlework"; and "embroidery" as "needlework used to enrich textile fabrics." The evidence as to the process here employed accords with this definition.

In the absence of any affirmative or sufficient evidence that these articles have any commercial meaning which would exclude them from the class of embroideries or articles embroidered, the decision of the Board of General Appraisers is affirmed.