KOTZIN BROS. ET AL. *v.* UNITED STATES (No. 2701)[1]

CONSTRUCTION, "BY WHATEVER NAME KNOWN"—CLOCKED SILK HOSIERY, PARAGRAPHS 317 AND 358, TARIFF ACT OF 1913—CLOCKED WOOL HOSIERY, PARAGRAPHS 1114 AND 1430, TARIFF ACT OF 1922.

The tariff acts of 1897, 1909, and 1913 provided specially for clocked hosiery of vegetable fiber, and the act of 1913 provided specially also for such of wool.

[1] T. D. 41589.

From this no congressional intention appears to differentiate generally between clocking and embroidery, since the acts contained no separate provisions for clocked hosiery and embroidered hosiery. The intention in the act of 1913 was to provide specially for clocked hosiery of wool and of vegetable fiber as exceptions to the embroidery paragraph, 358. The language of that paragraph "by whatever name known," claims all embroidered articles no matter how they may be *commonly or commercially* known, except such as are more specifically provided for. Consequently silk hosiery, embroidered by clocking, comes within it, notwithstanding proof that, commercially, clocked hosiery and embroidered hosiery are different things; and is not classifiable under paragraph 317 as silk wearing apparel. Such hosiery, made of wool, is classifiable as embroidery under paragraph 1430, Tariff Act of 1922, in line with *Kayser & Co.* v. *United States*, 13 Ct. Cust. Appls. 479, T. D. 41367; and not as wool hosiery under paragraph 1114.

## United States Court of Customs Appeals, May 1, 1926

APPEAL from Board of United States General Appraisers, G. A. 9041, T. D. 41133

[Affirmed.]

*Allan R. Brown* for appellants.

*Charles D. Lawrence,* Assistant Attorney General (*Oscar Igstaedter* and *William H. Futrell,* special attorneys, of counsel), for the United States.

[Oral argument April 1, 1926, by Mr. Brown and Mr. Igstaedter]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

The merchandise involved in this appeal consists of clocked silk hosiery imported under the tariff act of 1913, and clocked wool hosiery imported under the Tariff Act of 1922.

The silk hosiery, represented by Exhibit 1 in protest No. 971599, was assessed for duty by the collector at 60 per centum ad valorem as embroidered wearing apparel under paragraph 358 of the Tariff Act of 1913, the pertinent part of which reads as follows:

PAR. 358. * * * embroideries, wearing apparel, handkerchiefs, and all articles or fabrics embroidered in any manner by hand or machinery, whether with a plain or fancy initial, monogram, or otherwise, or tamboured, appliquéd, or scalloped by hand or machinery, any of the foregoing by whatever name known; * * * all of the foregoing of whatever yarns, threads, or filaments composed, 60 per centum ad valorem.

The importer claimed that the merchandise was properly dutiable at 50 per centum ad valorem as silk wearing apparel under paragraph 317 of the tariff act of 1913, which reads as follows:

PAR. 317. Clothing, ready-made, and articles of wearing apparel of every description, including knit goods, made up or manufactured in whole or in part by the tailor, seamstress, or manufacturer; all the foregoing composed of silk or of which silk or silk and india rubber are the component materials of chief value, not specially provided for in this section, 50 per centum ad valorem.

The wool hosiery, represented by Exhibit 1 in protest No. 968768, was assessed for duty by the collector at 75 per centum ad valorem as

embroidered articles under paragraph 1430 of the Tariff Act of 1922, the pertinent part of which reads as follows:

PAR. 1430. * * * embroideries not specially provided for, and all fabrics and articles embroidered in any manner by hand or machinery, whether with a plain or fancy initial, monogram, or otherwise, or tamboured, appliquéd, scalloped, or ornamented with beads, bugles, or spangles, or from which threads have been omitted, drawn, punched, or cut, and with threads introduced after weaving to finish or ornament the openwork, not including straight hemstitching; all the foregoing, finished or unfinished, by whatever name known, and to whatever use applied, and whether or not named, described, or provided for elsewhere in this act, when composed wholly or in chief value of yarns, threads, filaments, tinsel wire, lame, bullions, metal threads, beads, bugles, spangles, or products of cellulose provided for in paragraph 1213, 75 per centum ad valorem.

It was claimed by the importer to be dutiable under paragraph 1114 of the Tariff Act of 1922, the pertinent part of which reads as follows:

PAR. 1114. * * * Hose and half hose, and gloves and mittens, wholly or in chief value of wool, valued at not more than $1.75 per dozen pairs, 36 cents per pound and 35 per centum ad valorem; valued at more than $1.75 per dozen pairs, 45 cents per pound and 50 per centum ad valorem. * * *

It appears from the record in the case that, in the trade, clocked hosiery, whether composed of silk, wool, or cotton, is distinguished from embroidered hosiery, even though, as in the case at bar, the clocking is put on by an embroidery stitch; that this distinction existed at the time of, and prior to, the enactment of the tariff act of 1913, and has continued to the present time; that the distinction in the trade between clocked hosiery, where the clocking has been put on by an embroidery stitch, and embroidered hosiery depends upon the location of the embroidery on the hosiery; that, if the embroidery work is confined to the side or sides of the hosiery, it is known in the trade as clocking, and, if not so confined, as embroidery; that the ornamentation on the involved hosiery consists of needlework designs or patterns superimposed by hand on the sides only, and, within the common understanding, is embroidery.

The appellants contended on the trial below, and contend here, that clocking is not embroidery for tariff purposes for the following reasons:

1. Because clocking has been specifically distinguished from embroidery by Congress in successive tariff acts.

2. Because clocking is distinguished from embroidery in commercial usage.

It is argued by counsel that the Congress differentiated between clocked hosiery and embroidered hosiery in the tariff acts of 1897, 1909, and 1913; and that such distinction "is effective throughout all acts and parts of acts *in pari materia,* and will be presumed to continue even though the clause which originally created or recognized the distinction be dropped from the law." Several cases are cited which counsel contends support his position.

Counsel for the Government contends that the Congress did not intend, by the provisions in the tariff acts of 1897, 1909, and 1913, to differentiate between clocked hosiery and embroidered hosiery, but, on the contrary, clearly indicated that it recognized the clocking to be a special kind of embroidery, and that, as there was no provision for clocked silk hosiery in any of those acts, it was intended by the Congress that such articles should be dutiable under the provisions of paragraph 358 of the 1913 act as "wearing apparel" or "articles embroidered in any manner by hand or machinery, * * * by whatever name known;" that the silk hosiery was embroidered in fact, and, by the use of the language "by whatever name known" in paragraph 358, the Congress intended to provide therein *eo nomine* for all embroidered hosiery, except cotton and wool clocked hosiery, which was more specifically provided for in paragraphs 260 and 288 of that act; that, on account of the use of the language "by whatever name known" in paragraph 358, the Congress did not intend to permit commercial designation to "control the classification of the articles provided for therein."

As to the clocked wool hosiery imported under the Tariff Act of 1922, the Government contends that it is evident by the language of paragraph 1430, *supra*, that the Congress intended to include within its provisions all embroidered articles, including clocked hosiery; and that, by the use of the language "by whatever name known" such provisions were intended to be extended to all such articles without regard to commercial designation.

The Board of General Appraisers, in an opinion by Fischer, G. A., overruled the protests, and, in holding that the silk hosiery was properly assessed by the collector as embroidered silk wearing apparel under paragraph 358 of the tariff act of 1913, quoted from its opinion in the case of *B. Altman & Co.*, G. A. 7729, T. D. 35459, in part as follows:

* * * We do not think there is any force in the argument that because Congress has seen fit to exclude clocked cotton stockings from the general provision for cotton wearing apparel, embroidered, under which they would otherwise be dutiable, therefore clocked silk stockings are taken out of the general provision for silk wearing apparel, embroidered. * * *

The court also called attention to the fact that the phrase "by whatever name known" appeared in paragraphs 358 of the tariff act of 1913, and 1430 of the Tariff Act of 1922, and held that, as such phrase is equivalent to an *eo nomine* designation, and, as the ornamentation thereon was embroidery, paragraph 358 should be construed as providing specifically for the clocked silk hosiery in question; and that, as the ornamentation on the wool hosiery was embroidery work, such hosiery was intended by the Congress to be included within the provisions of paragraph 1430.

Counsel for appellants has called attention to the fact that paragraph 318 of the tariff act of 1897 contained a provision for "clocked stockings, hose or half-hose, * * * *composed of cotton or other vegetable fiber;*" that paragraph 328 of the tariff act of 1909 contained a provision for "clocked stockings, hose and half-hose, * * * *composed of cotton or other vegetable fiber;*" that paragraph 260 of the tariff act of 1913 contained a provision for "clocked stockings, hose and half hose, * * * *composed of cotton or other vegetable fiber;*" and that paragraph 288 of the tariff act of 1913 contained a provision for "clocked stockings, hose and half-hose, * * * *composed wholly or in chief value of wool.*" (Italics ours.)

It is contended by counsel that, by virtue of the above provisions appearing in the tariff acts of 1897, 1909, and 1913, the Congress has differentiated between clocked hosiery and embroidered hosiery for tariff purposes.

It will be observed, however, that there was no provision in the tariff act of 1897 or 1909 for either silk or wool clocked hosiery, and that the tariff act of 1913 contained no provision for clocked silk hosiery.

The word "clock" is defined by the lexicographers as follows:

Clock, n. An embroidered pattern on a stocking at the ankle.
Clocked, a. Embroidered with clocks. (Funk & Wagnalls New Standard Dictionary.)
Clock, n. 3. A figured ornament on the side of the ankle of a stocking, either woven in the fabric or embroidered upon it.
Clocked, a. Ornamented with clocks or embroidered work: As, clocked stockings.
Clock-stocking, n. A stocking embroidered with the ornament called clock; a clocked stocking. (Century Dictionary and Encyclopedia.)
Clock, 1. An ornamental pattern in silk thread worked on the side of a stocking.
Clocked, a. Embroidered with clocks. (Oxford Dictionary.)

Is it possible that the Congress intended, in the tariff acts of 1897 and 1909, by the provisions contained therein for clocked cotton hosiery, to differentiate for tariff purposes between clocking and embroidery? If it had so intended, why did it consider it necessary or advisable to provide specially for both clocked cotton and clocked wool hosiery in the tariff act of 1913? And, if it was considered necessary in the latter act to provide specifically for clocking as applied to both cotton and wool hosiery in order to indicate its intention to differentiate generally between clocking and embroidery for tariff purposes, why was it not considered equally important by the Congress to specially provide therein for clocked silk hosiery? The answer, we think, is that the Congress did not intend to make such distinction, but intended merely, in the tariff act of 1913, to provide specially for clocked cotton hosiery and clocked wool hosiery as exceptions to the embroidery paragraph. Had each of the tariff

acts in question contained. separate provisions for clocked hosiery and embroidered hosiery, such distinction would have been made.

We agree with the court below that the phrase "by whatever name known" contained in paragraph 358 is equivalent to an *eo nomine* provision for all embroidered articles, and therefore includes the silk hosiery in question. *Mason v. Robertson,* 139 U. S. 624; *Smith & Co. v. United States,* 5 Ct. Cust. Appls. 40, T. D. 34008; *Stone & Co. v. United States,* 7 Ct. Cust. Appls. 124, T. D. 36453.

It is insisted by counsel for appellants that the clocked silk hosiery is not properly dutiable as embroidered wearing apparel under paragraph 358, *supra,* because of the evidence in the record establishing that the ornamentation on the sides of the hosiery, although made by embroidery stitches, is not known in commercial practice as embroidery, but is recognized in the trade as clocking, and, as there is no provision for clocked silk hosiery in the tariff act of 1913, it is properly dutiable under paragraph 317 of that act.

We are of opinion that by the use of the language "by whatever name known" in paragraph 358, *supra,* the Congress intended, for the purposes of that paragraph, to prevent the application of the rule of commercial designation. It was plainly intended, we think, by the phrase "by whatever name known" to include within the paragraph all embroidered articles commonly or commercially so known, except such as were more specifically provided for. *Newman v. Arthur,* 109 U. S. 132–138; *Habicht, Braun & Co. et al. v. United States,* 2 Ct. Cust. Appls. 457, T. D. 32206; *Koch & Co. v. United States,* 6 Ct. Cust. Appls. 534, T. D. 36148.

The ornamentation on the sides of the silk hosiery is embroidery within the common understanding, and, not being more specifically provided for elsewhere, such hosiery is properly dutiable under the provisions of paragraph 358, tariff act of 1913.

There is no provision in the Tariff Act of 1922 for clocked hosiery of any kind.

Paragraph 1430 provides for "articles embroidered in any manner by hand or machinery, whether with a plain or fancy initial, monogram, or otherwise, * * * by whatever name known and to whatever use applied, and whether or not named, described, or provided for elsewhere in this act, when composed wholly or in chief value of yarns, threads, filaments, * * * 75 per centum ad valorem."

The clocked wool hosiery was imported under the Tariff Act of 1922. The clocking thereon is embroidery within the common understanding. Paragraph 1430 provides for embroidered articles, "by whatever name known." For the reasons hereinbefore stated, and in accordance with the decision of this court in the case of *Kayser & Co. (Inc.) v. United States,* 13 Ct. Cust. Appls. 479, T. D.

41367, we must hold that the clocked wool hosiery is *eo nomine* provided for and was properly assessed by the collector under paragraph 1430.

The judgment is *affirmed.*