UNITED STATES *v.* KNY-SCHEERER CORPORATION OF AMERICA (No. 2823)[1]

SURGICAL INSTRUMENTS—HAND FORCEPS—FORCEPS, CLAMPS, AND NEEDLE HOLDERS

Surgical instruments—forceps, clamps, and needle holders—all being forceps and being operated by hand but not being known commercially as "hand forceps," comprising about 45 per centum of all surgical instruments, are not "hand forceps" under paragraph 354, Tariff Act of 1922, but "surgical instruments" under paragraph 359.

United States Court of Customs Appeals, March 9, 1927

APPEAL from Board of United States General Appraisers, T. D. 41670

[Affirmed.]

*Charles D. Lawrence,* Assistant Attorney General (*John A. Kemp,* special attorney, of counsel), for the United States.

*Hamilton & Stratmann* for appellee.

[Oral argument December 17, 1926, by Mr. Lawrence, Mr. Hamilton, and Mr. Stratmann]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

Merchandise, consisting of surgical forceps, clamps, and needle holders, known in the trade as surgical instruments, and designed and used exclusively as such in the science of surgery, was assessed for duty by the collector at 60 per centum ad valorem as "hand

---

[1] T. D. 42080.

forceps" under paragraph 354 of the Tariff Act of 1922, the pertinent part of which reads as follows:

PAR. 354. Penknives, pocketknives, clasp knives, pruning knives, budding knives, erasers, manicure knives, and all knives by whatever name known, including such as are denominatively mentioned in this act, which have folding or other than fixed blades or attachments, valued at not more than 40 cents per dozen, 1 cent each and 50 per centum ad valorem; valued at more than 40 and not more than 50 cents per dozen, 5 cents each and 50 per centum ad valorem; valued at more than 50 cents and not more than $1.25 per dozen, 11 cents each and 55 per centum ad valorem; valued at more than $1.25 and not more than $3 per dozen, 18 cents each and 55 per centum ad valorem; valued at more than $3 and not more than $6 per dozen, 25 cents each and 50 per centum ad valorem; valued at more than $6 per dozen, 35 cents each and 55 per centum ad valorem; blades, handles, or other parts of any of the foregoing knives or erasers shall be dutiable at not less than the rate herein imposed upon knives and erasers valued at more than 50 cents and not exceeding $1.25 per dozen; cuticle knives, corn knives, nail files, tweezers, hand forceps, and parts thereof, finished or unfinished, by whatever name known, 60 per centum ad valorem: * * *

The merchandise was claimed in the protest to be dutiable as surgical instruments under paragraph 359, the pertinent part of which is as follows:

PAR. 359. Surgical instruments, and parts thereof, composed wholly or in part of iron, steel, copper, brass, nickel, aluminum, or other metal, finished or unfinished, 45 per centum ad valorem; dental instruments, and parts thereof, composed wholly or in part of iron, steel, copper, brass, nickel, aluminum, or other metal, finished or unfinished, 35 per centum ad valorem: * * *

Considerable evidence was adduced on the trial below. It was directed largely to the question of commercial designation. It appears therefrom that: The imported articles are surgical instruments and known in the trade as such; that they are classified therein, respectively, as surgical forceps, surgical clamps, and surgical needle holders; that they are further identified—some by the name of the designer or manufacturer—some by words that indicate their intended use—and others by a combination of names and words indicating the designer or manufacturer and also the intended use; that they are used exclusively in the science of surgery; that they were never known by the term "hand forceps," although they are used and operated by hand; and that they comprise a considerable proportion, approximately 45 per centum, of all surgical instruments, both as to value and kind.

The court below, in a learned and exhaustive opinion by Fischer, Associate Justice, sustained the protest; holding that the provision for "hand forceps" in paragraph 354 was not intended by the Congress to cover surgical instruments used in the science of surgery; but that, applying the rule of *noscitur a sociis*, the provision for "hand forceps" was intended to be limited to such as were used in "manicure or pedicure work."

It is contended by the Government that, as the articles in question are operated by hand, and, as they all have the essential operative principles of forceps—although some are known as clamps and some as needle holders—they are specially provided for as "hand forceps" in paragraph 354; and that the descriptive term "hand forceps" more specifically describes the merchandise than the term "surgical instruments" contained in paragraph 359.

Paragraph 354 provides for—

Penknives, pocketknives, clasp knives, pruning knives, budding knives, erasers, manicure knives,.and all knives by whatever name known, including such as are denominatively mentioned in this act, which have folding or other than fixed blades or attachments,  *   *   *—

and for—

Cuticle knives, corn knives, nail files, tweezers, hand forceps, and parts thereof, finished or unfinished, by whatever name known, 60 per centum ad valorem: *   *   *

If the Congress intended to include in this paragraph all forceps operated by hand, the provision would cover surgical forceps; and, as the provision is extended to include all "hand forceps" by whatever name known, the rule of commercial designation would not be applicable to the case. *Kotzin Bros. et al.* v. *United States*, 14 Ct. Cust. Appls. 99, T. D. 41589, and cases cited therein.

Paragraph 359 provides for surgical instruments at 45 per centum ad valorem; and for dental instruments at 35 per centum ad valorem. So, for tariff purposes, the Congress has distinguished between surgical and dental instruments, although generally they might both be classed as surgical instruments. It is apparent that careful consideration was given by the Congress to these classes of articles.

The inquiry naturally arises: Why should surgical instruments and dental instruments be given separate consideration in a paragraph devoted to them and different rates of duty provided therefor, if it was intended to provide for a considerable portion of such instruments at a much higher rate of duty in a paragraph devoted to wholly dissimilar articles? Why should the Congress provide for all surgical and dental forceps by such an inapt term as "hand forceps," when it classified all other instruments of the same general character as surgical and dental instruments?

The record conclusively establishes that surgical forceps have never been called "hand forceps." It would seem that if it was intended to except or take from paragraph 359 such a large portion of the class of articles therein provided for, a more suitable description could and would have been employed. It would have been a very simple matter to have said so, if such was the congressional purpose.

It seems plain to us that it was not intended to cover surgical forceps, clamps, or needle holders, described by apt language in

paragraph 359, by the provisions for "tweezers" and "hand forceps" in paragraph 354. Nor do we think that it is necessary to enter upon a discussion of the reasons why this is so. It is sufficient to say that, for tariff purposes, the Congress has made a distinction between "hand forceps" and "tweezers," and "surgical instruments." Without giving expression to an opinion as to what articles were intended to be covered by the term hand forceps, it is sufficient to say that it is evident that it was not intended to cover the articles in question.

The judgment is *affirmed.*