GIMBEL BROS., INC. *v.* UNITED STATES (No. 3775)[1]

NEW YORK·MERCHANDISE CO., INC. *v.* UNITED STATES (No. 3776)

United States Court of Customs and Patent Appeals, May 21, 1934

*Puckhafer & Rode* (*George J. Puckhafer* of counsel) for appellant in No. 3775.
*Siegel & Mandell* (*George J. Puckhafer* of counsel) for appellant in No 3776.
*Charles D. Lawrence*, Assistant Attorney General (*Thomas J. Canty* and *Ralph Folks*, special attorneys, of counsel), for the United States.

[Oral argument April 6, 1934, by Mr. Puckhafer and Mr. Folks]

Before GRAHAM, Presiding Judge, and BLAND, GARRETT, and LENROOT, Associate Judges [2]

GARRETT, Judge, delivered the opinion of the court:

In these consolidated cases the respective importers have appealed from a judgment rendered by the United States Customs Court overruling protests against the classification and duty assessment, by the Collector of Customs, of certain articles imported under the Tariff Act of 1922, which were invoiced as "sponge rubber mats."

The classification by the collector was under the provision for "all other floor coverings not specially provided for", in paragraph 1022 of the Tariff Act of 1922, duty being assessed at 40 per centum ad valorem.

Appellants claim that the merchandise is dutiable at 25 per centum ad valorem as manufactures in chief value of india rubber, not specially provided for, under paragraph 1439, Tariff Act of 1922.

The question as to the classification of this character of merchandise under the Tariff Act of 1922, seems to have been several times before the United States Customs Court, and it has been uniformly held

[1] T. D. 47111.
[2] HATFIELD, J., did not participate in this case.

classifiable as was held in the instant case. The several opinions of that court, however, seem to have been abstract opinions with the exception of the case of *Jos. Kaplan* v. *United States*, T.D. 45272, and its brief decision in the instant case refers to the said *Kaplan* case, *supra*, as controlling. None of the cases involving the question has been appealed until the present one. So, the issue is before us for the first time.

The record in the case includes a stipulation of counsel for the respective parties as to facts, which reads as follows:

It is stipulated and agreed by and between the parties hereto with respect to the merchandise covered by the protests invoiced as "sponge rubber mats" assessed with duty at 40 per centum ad valorem under the provisions for "all other floor coverings, not specially provided for" in paragraph 1022, Tariff Act of 1922:

1. That the merchandise consists of sponge rubber bath mats as per sample submitted herewith and made a part of this stipulation; that said merchandise is composed wholly or in chief value of rubber.

2. That said sample referred to in paragraph 1, be marked Exhibit 1, protest 330835–G, etc.

3. That said sponge rubber bath mat (Exhibit 1) is similar in all material respects to the merchandise the subject of decisions in Abstract 4080, Jos. Kaplan v. United States, T.D. 45272, and N. Snellenburg & Co. v. United States, Abstract 22619.

4. That the sponge rubber bath mat (Exhibit 1) is designed to be used and is chiefly used for the convenience and comfort of the bather to prevent slipping and to prevent the chilling of the feet when the bather steps out of the bath.

5. That when the sponge rubber bath mat (Exhibit 1) is used, it is placed directly on the tiled floor of the bathroom or over any floor covering in the bathroom and the bather stands thereon; the sponge quality of the mat substantially retains the water dripping from the body; the sponge rubber bath mat is also used by being placed in the bathtub to prevent slipping.

6. That when not in use as a bathing accessory, the sponge rubber bath mat (Exhibit 1) is usually hung over the bathtub or put away, and is not left upon the floor.

7. That the sponge rubber bath mat is not fit or suitable to be walked upon with shoes.

8. That sponge rubber bath mats first appeared in trade and commerce in the year 1925.

The protest is submitted on this stipulation.

Paragraph 1022 of the Tariff Act of 1922 appears in schedule 10 thereof, which is entitled "Flax, Hemp, and Jute, and Manufactures of", and practically all of the articles provided for in the many paragraphs of the schedule are articles having flax, hemp, or jute as a basis. Exceptions are present in the last four paragraphs of the schedule. Among these last four is paragraph 1022, the full text of which reads:

PAR. 1022. Common China, Japan, and India straw matting, and floor coverings made therefrom, 3 cents per square yard; carpets, carpeting, mats, matting, and rugs, made wholly of cotton, flax, hemp, or jute, or a mixture thereof, 35 per centum ad valorem; all other floor coverings not specially provided for, 40 per centum ad valorem.

It seems obvious that the use of the article here involved differs from the customary use of such articles as the paragraph specifically names, such as floor coverings, made from straw matting, and carpets, carpetings, etc., made wholly of cotton, flax, hemp, or jute, or a mixture thereof. The sample (Exhibit 1) before us is 21½ inches long by 13½ inches wide and about one-fourth inch in thickness. It appears to be wholly of rubber treated in a manner which gives its upper surface a spongy appearance. The stipulation states that the use for which it is designed is on the floors of bathrooms. It is a bathing accessory and, so far as shown, has no other use.

The stipulation recites that the articles first appeared in trade and commerce in the United States in 1925. It is not, therefore, an article which Congress is presumed to have had specifically in contemplation at the time of the passage of the Tariff Act of 1922.

In view of the fact that the article differs so greatly in material, texture, and use from the articles admittedly involved in paragraph 1022, and, in view of the statements of the stipulation, we feel constrained to differ with the trial court as to its proper classification.

Tariff acts are, of course, made for the future, but when an article entirely new enters commerce after the passage of an act, we do not feel that it must necessarily be classified in a paragraph simply because, in a literal sense, it may be described therein. Other considerations are proper. This article does not compete in any way with other articles provided for in schedule 10, or, to be more specific, in paragraph 1022.

That it is a manufacture of india rubber admits of no doubt, and we think it more properly classifiable as such, under paragraph 1439 of the Tariff Act of 1922.

No case, among this court's decisions, entirely analogous to this, has been cited by either party to this suit, and such researches as we have been able to make do not disclose any. Somewhat in point, perhaps, is some of the reasoning in that of *United States* v. *Kny-Scheerer Corp. of America,* 14 Ct. Cust. Appls. 446, T.D. 42080, wherein surgical forceps were held to be properly classifiable as surgical instruments under paragraph 359 of the Tariff Act of 1922, rather than as hand forceps provided for *eo nomine* in paragraph 354 of said act.

We are wholly unable to agree that the Government's contention as to the invoice statement, "sponge rubber mats," being an "admission against interest" is well taken. Surely that would be a very slender thread upon which to hang a finding that the articles are floor coverings. The stipulation and the sample show what they are.

The judgment of the United States Customs Court is *reversed* and the cause *remanded* for further proceedings not inconsistent herewith.