**No. 51333.**—Protest 100786–K of Matthay Hospital Supply Co. (Los Angeles).

TILSON, Judge: This suit against the United States involves the proper classification of certain needles which were classified by the collector at Los Angeles as

surgical instruments under paragraph 359, Tariff Act. of 1930, and duty was assessed thereon at 55 percent ad valorem. The plaintiff claims the merchandise to be properly entitled to free entry as needles, hand sewing or darning, under paragraph 1724, or dutiable at only 45 percent ad valorem under paragraph 343 as needles for sewing, not specially provided for, or at only 30 percent ad valorem under paragraph 343, which is the prevailing rate for tape, knitting, and all other needles, not specially provided for, under the trade agreement with the United Kingdom, T. D. 49753.

At the trial of this case a packet of needles described on the invoice as "curved ⅜ circle cutting" was admitted in evidence as exhibit 1, and counsel for the respective parties agreed in open court " * * * these articles are used by doctors or surgeons to sew by hand through and draw together incisions or cuts in the human body."

In our opinion the issue involved in this case is controlled by our decision in *Keer, Maurer Co.* v. *United States*, T. D. 40750 (G. A. 8958), wherein this court observed:

However, all we need to consider in the present case is whether these surgical needles are instruments. If so, they are specifically provided for in paragraph 359 of the present act [1922] as surgical instruments, a provision appearing for the first time in our tariff laws.

* * * * * * *

Inasmuch, then, as the present needles are instruments, which are used exclusively in surgery, we hold them to be properly classifiable for duty at the rate of 45 per cent ad valorem under said paragraph 359 as "surgical instruments."

While there is no testimony in this case that these needles are used exclusively in surgery, the collector's classification carries with it a finding by him that these needles are chiefly used in surgery, and there is no evidence to overcome the presumption of correctness attending such a finding by the collector.

In his brief filed herein, counsel for the plaintiff contends that by reason of our appellate court holding surgical forceps dutiable as surgical instruments in *United States* v. *Kny-Scheerer*, 14 Ct. Cust. Appls. 446, and the holding of this court in the *Keer* case, *supra*, and the fact that both these decisions were called to the attention of the Congress by the Tariff Commission, that:

It may reasonably be presumed that Congress was guided by the Tariff Commission's report, because, in amending this portion of paragraph 359 by adding the words, "including hypodermic needles, hypodermic syringes, and forceps," it followed the Court's decision as to surgical forceps, but did not follow the Court's decision as to surgical needles. It naturally follows that Congress intended that surgical needles should not be classified as surgical instruments under paragraph 359 of the present Tariff Act.

Whatever influence the two decisions referred to and the report of the Tariff Commission might have had upon the Congress when it amended paragraph 359, the fact remains that it had before it a definite holding of this court that surgical needles were dutiable as surgical instruments and took no positive action to modify or change the effect of that decision. In the absence of such action it must be presumed that the Congress ratified the holding of this court in the *Keer* case, *supra*.

For the reasons stated, and following the cited authorities, all claims of the plaintiff are overruled. Judgment will be rendered accordingly.